The judge directed the jury to that effect; and further, that the plaintiff could not recover upon the insimul computassent, because the evidence showed that the note, described in other counts, was given in extinguishment of that balance, which note was not void, although payment of it could not be enforced by the laws of this commonwealth. A verdict was returned for the defendant.
The question reserved for the opinion of the Court was, whether the said direction of the judge was right. If they should be of opinion that it was right, then judgment to be entered for the defendant for costs ; if otherwise, the verdict to be set aside, and a new trial granted.
It appearing to the Court, according to the terms of the report, that no objection lay to the insimul computassent, and that the note given in consideration of it, not being negotiable, could not in law be considered as a payment of it, and therefore that a new trial ought to be granted, as the facts, which may hereafter be disclosed upon such trial, may perhaps entitle the plaintiff to a verdict on that count, a new trial was granted accordingly, neither party opposing it. Vide 1 Burr. 9, Rhodes vs. Barnes
N. B. The defendant’s counsel objected to the plaintiff’s recovery, on the insimul computassent, because the items which composed it could not be the foundation of a mutual account, on which assumpsit would lie. But the ground of his objection was not made part of the report.