Chazournes<br>*v.*<br>Edwards.

## ISAAC VANCLEEF *versus* LEWIS THERASSON *et al.*

A merchant in New York sold goods there and received the purchaser's negotiable note in full for the goods, which note was afterwards lost. In *assumpsit* on an account annexed for goods sold and delivered, it was *held,* that the plaintiff could not amend his writ by inserting a count upon the note, the note and the account being different causes of action, but that he was entitled to recover on the original count, the giving of the note not being, by the law of New York, a payment.

ASSUMPSIT on an account annexed to the writ, to recover the price of 40 firkins of lard sold and delivered by the plaintiff to the defendants, who at the time were partners in trade in the city of New York.

At the trial, before *Wilde* J., the plaintiff proved the sale and delivery, but it appeared that a negotiable note had been given by the defendants at the time, payable in four months, and that the plaintiff had given a receipt stating that the note was received in full for the lard. Whereupon the plaintiff moved for liberty to amend his writ by inserting a count on the note, but this amendment was not allowed.

The plaintiff then offered evidence to prove that the note had never been paid, and that it was lost. The defendants'

2

Vancleef
v.
Therasson.

counsel contended that the note, being negotiable, was in law payment for the lard ; but as it appeared that the contract was made in New York and was to have been performed there, and as it was admitted that by the law of New York, as laid down in reported cases, the note would not amount to payment, the jury were instructed to find for the plaintiff, if they should be satisfied that the note had never been paid and that it was actually lost ; and they accordingly found a verdict for the plaintiff.

If the Court should be of opinion that on this evidence the plaintiff was not entitled to recover, the verdict was to be set aside and the plaintiff was to become nonsuit ; unless the Court should be of opinion that the motion to amend ought to have been allowed.

*March* 10*th.*  *Morse,* for the defendants, insisted that the giving of the note was a payment ; *Thacher* v. *Dinsmore,* 5 Mass. R. 302, and that the plaintiff's having given a receipt stating that the note was received in full for the lard, was an agreement that the note should be considered as payment, which even according to the law of New York would be a discharge of the previous simple contract debt.

*J. C. Merrill, contrà,* cited on this point, *Porter* v. *Talcott,* 1 Cowen, 359 ; *Holmes et al.* v. *D' Camp,* 1 Johns. R. 34 ; *Thompson* v. *Ketcham,* 8 Johns. R. 149 ; *Pintard* v. *Tackington,* 10 Johns. R. 104 ; *Burdick* v. *Green,* 15 Johns. R. 247 ; *Tobey* v. *Barber,* 5 Johns. R. 68 ; and he contended that the writ was amendable, for the note and the account were for the same cause of action, at least by the law of New York, and the amendment would not have prejudiced any third party.  *Willis* v. *Crooker,* 1 Pick. 204 ; *Haynes et ux.* v. *Morgan,* 3 Mass. R. 208.

*March* 11*th.*  PARKER C. J. gave an opinion of the Court in substance as follows.  It is very clear that by the decisions of this Court, a few years since, in the cases of *Little* v. *Little,* in Essex, and *Tappan* v. ———, in Hampshire, not reported, the amendment could not be allowed, for the note and the account were substantially different causes of action.[1]  What may be the

---

[1] *Fairfield* v. *Baldwin,* 12 Pick. 388 ; *Morton* v. *Fairbanks,* 11 Pick. 368

.aw of New York on this point it is unnecessary to determine, for we are clear that the action may be sustained without the amendment. The contract. having been made in New York with reference to their laws, it is to have the same effect here wh'ch it would have there,[2] and it is manifest from a series of cases in the Reports of that State, that the note, being lost, cannot be viewed as an extinguishment of the antecedent debt, unless it were so expressly agreed, and that the receipt given by the plaintiff does not amount to such an agreement.[3] *Burdick* v. *Green*, 15 Johns. R. 247 ; *Tobey* v. *Barber*, 5 Johns. R. 68.

Vanc.eef
*v.*
Therasson.

*Judgment according to the verdict.*

---

*Ball* v. *Claflin*, 5 Pick. 303 ; *White* v. *Snell*, 5 Pick. 425 ; *Swan* v. *Nesmith*, 7 Pick. 220 ; *Tenny* v. *Prince*, 4 Pick. 385 ; *Stone* v. *Swift*, 4 Pick. 389 ; *Eaton* v. *Whitaker*, 6 Pick. 465 ; *Holmes* v. *Holmes*, 2 Pick. 23 ; *Clark* v. *Lamb*, 6 Pick. 512 ; *Haynes* v. *Morgan*, 3 Mass. R. 208 ; *Brigham* v. *Este*, 2 Pick. 425, *Miller* v. *Clark*, 8 Pick. 412 ; *Phillips* v. *Bridge*, 11 Mass. R. 246 ; *Bean* v *Parker*, 17 Mass. R. 603 ; *Mooney* v. *Kavanah*, 4 Greenl. 277 ; *M'Lellan* v. *Crofton*, 6 Greenl. 307, 328 ; *Bogart* v. *M'Donald*, 2 Johns. Cas. 219 ; *Putnam* v. *Hall*, 3 Pick. 445 ; *Bell* v *Austin*, 13 Pick. 90.

[2] Story's Conflict of Laws, 274 ; *Wallace* v. *Agry*, 4 Mason, 344 ; *Descadillas* v. *Harris*, 8 Greenl. 298.

[3] *Van Ostrand* v. *Reed*, 1 Wendell, 424 ; *New York State Bank* v. *Fletcher*, 5 Wendell, 85 ; *Hughes* v. *Wheeler*, 8 Cowen, 77 ; *Glenn* v. *Smith*, 2 Gill & Johns. 493 ; *Booth* v. *Smith*, 3 Wendell, 66. This seems also to be the true doctrine of the common law. *Puckford* v. *Maxwell*, 6 T. R. 52 ; *Owenson* v. *Morse*, 7 T. R. 64 ; *Kearslake* v. *Morgan*, 5 T. R. 513 ; *Roades* v. *Barnes*, 1 Burr. 9 ; *The King* v. *Dawson*, Wightwick, 32 ; Chitty on Bills, (6th ed.) 97 to 100 ; *Hadwen* v. *Mendizabel*, 10 Moore, 477 ; *Bunney* v. *Poyntz*, 1 Neville & Manning, 229 ; *Putnam* v. *Lewis*, 8 Johns. R. 389 ; *Johnson* v *Weed*, 9 Johns. R. 310 ; *Pintard* v. *Tackington*, 10 Johns. R. 104 ; *Holmes* v. *De Camp*, 1 Johns. R. 34 ; *Sheehy* v. *Mandeville*, 6 Cranch, 253 ; *Wallace* v. *Agry*, 4 Mason, 336 ; *Elliot* v. *Sleeper*, 2 N. Hamp. R. 525 ; *Cheever* v. *Mirick*, 2 N. Hamp. R. 376 ; *Dennie* v. *Hart*, 2 Pick. (2d ed.) 205, note (1) ; *Chastain* v *Johnson*, 2 Bailey, 574 ; *Bill* v *Porter*, 9 Connect. R. 23 ; *Hutchins* v. *Olcott*, 4 Vermont R. 549. So of the Civil law. 1 Domat, 515, *bk.* 4, *tit.* 3. § 1. So of the Scotch law. Thompson on Bills, 192 to 194. A different rule has been adopted in Massachusetts and Maine. In those States, however, the taking of such security seems to be only *primâ facie* evidence of an absolute payment ; the fact is open to explanation. *Descadillas* v. *Harris*, 8 Greenl 298 ; *Maneelcy* v. *M'Gee*, 6 Mass. R. 143 ; *Goodenow* v. *Tyler*, 7 Mass. R. 36, *Johnson* v. *Johnson*, 11 Mass. R. 359 ; *Chapman* v. *Durant*, 10 Mass. R 47, *Varner* v. *Nobleborough*, 2 Greenl. 121 ; *Greenwood* v. *Curtis*, 4 Mass. R. 93, *Whitcomb* v. *Williams*, 4 Pick. 228, *Watkins* v. *Hill*, 8 Pick. 522 ; *Reed* v *Upton*, 10 Pick 525 *Wood* v. *Bodwell* 12 Pick. 269, 270.