## PELTON *vs.* SUPERVISORS OF CRAWFORD COUNTY.

APPEAL FROM CIRCUIT COURT, CRAWFORD COUNTY.

Heard July 18, 1859.]                    [Decided December 14, 1859.

### County Orders—Limitations.

A county order is a simple contract, and an action upon it is barred by the statute of limitations, in six years from the date of presentation for payment.

Although an action be barred on a county order, by the statute of limitations, still it is available to the holder, to the amount of its face, in payment of county taxes, under the provisions of the tax laws.

This was an action brought on the 16th of March, 1858, against the county of Crawford, to recover a judgment upon a county order, signed by two of the commissioners of the county, and dated the 29th of May, 1843, and presented for payment on the 31st of October, 1843, and payment refused by the treasurer, "for want of funds in the treasury." The complaint claimed the amount of the order, $90 86, and interest, from the date of presentation. The answer set up, 1, denied the making and presentation within six years; 2, denied the presentation to the treasurer, according to law, and refusal to pay; and 3, since the date of the presentation alleged, the complainant had presented orders of a later date, which had been paid. On the trial, the order was read, &c., and the judge decided that the action was not barred by the statute of limitations; and judgment was rendered for the order and interest, from the date of the presentation—$186 52. From that judgment this appeal is taken to this court.

*B. E. Hutchinson,* District Attorney, for the appellant, assigned the following errors: 1. The court erred in deciding that the plaintiff's action was not barred by the statute of limitations. 2. The court erred in rendering judgment for the plaintiff, for the county order sued on. 3. The court erred in allowing interest on the order from the date of presentation; and 4th, in allowing any interest on the order.

*Bull & King,* for the respondent.

The actions founded upon any contract or liability which are barred by the statute of limitations, are only actions founded upon contract *in fact,* and not such liabilities as are created by construction of law. *Pease vs. Howard,* 14 John., 480; *Smith vs. Lockwood,* 7 Wend., 241.

The examination, settlement and allowance of the respondent's claim by the county commissioners, and being entered on record by their clerk, is in the nature of a judgment, and will be regarded as a speciality, in reference to the statute of limitations.

The order in this case being signed by the county commissioners, and attested by their clerk, is like a promissory note, signed in the presence of an attesting witness, against which the statute does not run. Rev. Stat. 1849, p. 643, § 1; and also Rev. Stat. Wis. Ter., 261, § 19.

County orders will bear interest after presentment at the

treasury, and refusal of payment by the treasurer, but not before.  *Robins vs. Lincoln County Court*, 3 Mo., 57.

It is a general rule that whenever a debtor knows precisely what he is to pay, and when he is to pay, he shall be charged with interest, if he neglects to pay.  Interest is recoverable on contracts for the payment of money from the time when the principal ought to have been paid.  *Williams vs. Sherman*, 7 Wend., 109.

*By the Court*, COLE, J.   We have decided at the present term, in the case of *Savage vs. The Board of Supervisors of Crawford County, supra* 49, that an action might be maintained upon a county order after the same had been presented to the county treasurer, and payment by him refused, for want of funds.  The order in this case was issued in 1843, and in that year presented to the county treasurer, and payment refused.  The respondent commenced his action upon the order in 1858, and the county, among other defences, has set up the statute of limitations.  We are of the opinion that the statute bars a recovery.  Section 14, chap. 127, R. S., 1849, declares that "the following actions shall be commenced within six years next after the cause of action shall accrue, and not afterwards."  1. "All actions of debt founded upon any contract or liability not under seal, except," &c.  4. "All actions of assumpsit, or on the case, founded on any contract or liability expressed or implied."  Under the old practice, we suppose the proper form of action upon a county order would be assumpsit, and subdivision 4 of the section would apply to it.

But it was insisted by the counsel for the respondent, that the statute of limitations could not apply to an action brought upon a county order, for several reasons, which he gave; none of which, however, was satisfactory to our minds.  We shall not notice these reasons in detail, but our observations will substantially dispose of them.  The county order in this

case is signed by two commissioners of the county board, attested by the clerk, and is in the usual form of such instruments. The order is unquestionably an evidence of a county liability, drawn by certain county officers, authorized by law to draw the same, upon another county officer directing him to pay the amount of money therein specified, out of any money in the treasury not otherwise appropriated. That an action upon it is founded upon the evidence of a county liability, or county indebtedness, is very clear. *Tyell vs. The Supervisors of La Pier County,* 6 McLean, 446.

It is analagous to a check drawn by an individual upon a bank, for the payment of money; though probably the rules of commercial paper do not apply to a county order; still, it is the evidence of a county liability, and an action upon it must be commenced within the time required by law.

It was suggested that a county order, under the laws of the State, was in the nature of a judgment, and might be regarded as a speciality; or was like a promissory note, signed in the presence of an attesting witness, &c. It would hardly be correct to say, that a county order was a judgment, in the peculiar and restrictive sense in which that word is used in the statute, or that it is a promissory or bank note. County orders constitute a form of indebtedness well known to the laws of the state; and it is very convenient for the board of supervisors, upon settling and allowing charges against the county, to evidence the indebtedness in this way. No advantage is gained by likening them to a judgment, speciality, or promissory note, although they may possess some of the characters, and perform some of the functions of each. We think they are a peculiar form of county indebtedness, and that the statute of limitations runs upon them, as upon a simple contract. Although an action might be barred upon them in six years, still, orders are available to the amount of their face, in the payment of county taxes, under the provisions of the

statute; so that though an action will not lie upon an order upon which the statute of limitations has run, still it is not lost to the holder thereof.

· From the view taken of this case, it becomes unnecessary to consider whether a county order issued before the adoption of the Revised Statutes of 1850, draws interest or not.

The judgment of the Circuit Court is reversed.