## JAMES G. BARNWELL v. C. J. KEMPTON.

1. ENTIRE CONTRACT; *Part Performance; Measure of Recovery.* Where K. entered into a contract with B. to remove and repair a building within forty days from the date of the contract at a stipulated price, and agreed to pay B. six dollars for each day the work was incomplete after the expiration of the forty days, *held,* that K. can recover for his work, less the six dollars per day for each day of delay, notwithstanding he fails to complete the removal and all the repairs within the forty days.

2. CONTRACT, *Executed not as Stipulated; Quantum Meruit.* Where one party has entered into a special contract to perform work for another and furnish materials, and the work is done and the materials are furnished, but not in the manner stipulated for in the contract so that he cannot recover the price agreed on in the contract, yet, if the work and materials are of any value and benefit to the other party, he may recover for the work done and for the materials. This is upon the principle that if the other party has derived a benefit from the part performed, it would be unjust to allow him to retain that without paying anything.

3. SET-OFF; *Sub-Contractors.* In an action brought by a contractor to recover of the owner of a building a sum agreed upon for the removal and repair of such building, in which the owner sets up in his answer as a defense, *pro tanto* to plaintiff's claim, a lien of $300 filed on the premises by sub-contractors, *held,* not error prejudicial to the owner of the premises for the court to overrule a motion of said party to make the sub-contractors defendants, when on the trial, in the rendition of the judgment, the lien of the sub-contractors is deducted from the sum otherwise due to the contractor.

### *Error from Sedgwick District Court.*

ON the 28th day of August, 1876, the parties to this proceeding entered into a written contract whereby the defendant in error, plaintiff below, undertook to move a building for the plaintiff in error, defendant below, from where it then stood, on the corner of Main and Third streets, in the city of Wichita, to the corner of Emporia and Douglas avenues, in the same city, and to do certain other work in connection therewith, for which he was to receive $1,600, of which $500 were to be paid as soon as the building was raised and removed from its old foundation, $700 when the work was completed, and $400 in ninety days after its completion. By

the terms of the contract, the defendant in error was to complete the removal within forty days from the date of the contract, under a penalty of six dollars for each and every day's delay beyond the forty days. He claimed to have completed his work under the contract, November 9th, 1876, and to have furnished materials and extra work about the moving and repairing of the building to the amount of $400. He brought his action in the court below to recover a balance alleged to be due him from the plaintiff in error upon the contract, and also for the value of the additional work and materials. The defendant, *Barnwell*, in his answer, claimed that *Kempton* had not completed his part of the contract; that the work was not performed according to the terms thereof, and alleged damages on account of the non-performance of the contract and for a defective performance of the work. He also set up in his answer that the firm of Sweet & Stone had filed a lien on the building for $300, for labor and services rendered by them as mechanics, and sub-contractors of said plaintiff, *Kempton*, and asked that such sub-contractors might be made parties defendant. The case was tried by the court, a jury being waived. Judgment was rendered, on a general finding in favor of *Kempton*, plaintiff, for $626, and costs. The defendant brings the case here for review.

*A. L. Williams, A. B. Jetmore,* and *H. G. Ruggles,* for plaintiff in error.

*Sluss & Hatton,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: A very extensive record is presented to us in this case, and our attention called to numerous allegations of error; yet, upon a careful examination of the proceedings of the trial court and the briefs of counsel, we find very little demanding any comment, and nothing in the record requiring a reversal of the judgment. The case turned almost wholly upon controverted questions of fact,

and we have decided so often that this court will not disturb a judgment as against the evidence, even when the evidence seems to preponderate the other way, that it is unnecessary to refer to the testimony further than to say there was evidence before the court to prove every fact necessary to sustain the judgment.

The main allegation of error made by counsel is, that the court erred in overruling the demurrer of the defendant below to the evidence introduced by the plaintiff. In support of this alleged error, counsel say:

1st. Plaintiff failed to have what he did do completed until thirty-two days after the time fixed by the contract, and that time was regarded as of the essence of the contract.

2d. That he did not replaster the building as he agreed to do; and,

3d. That he placed the building on a stone foundation, without knowing or caring to know whether it was level or not.

As to the first objection, it is sufficient to say, that while the plaintiff agreed to complete the contract within forty days from its date, it was further stipulated that for each and every day's delay after the expiration of the forty days, he was to pay a penalty of six dollars. Therefore, for the delay of thirty-two days, the defendant was entitled to $192 as liquidated damages, to be taken from the amount due the plaintiff; but the fact that the evidence disclosed such delay, was no ground to sustain a demurrer to the evidence.

The other objections to the evidence of plaintiff relate to a failure to perform his work in full compliance with the terms of the contract. On the side of the plaintiff it is asserted, that as he plastered all that was necessary with three coats, and that all the old plastering left on was good, and as the new foundation was better than the old one, the contract was fully completed on the part of the plaintiff, as he was only required to place the building after removal in all respects as good as before. Conceding, however, that the plaintiff should have replastered the whole of the building and leveled the foundation, his failure so to do would not be fatal to his

recovery in the case. According to the claim and evidence of the plaintiff, there was an honest intention to go by the contract, and a substantial, if not an exact, execution of it. It is well settled, that where one party has entered into a special contract to perform work for another and furnish materials, and the work is done and the materials are furnished, but not in the manner stipulated for in the contract, so that he cannot recover the price agreed on in the contract, yet, if the work and materials are of any value and benefit to the other party, he may recover for the work done and for the materials. This is upon the principle that if the other party has derived a benefit from the part performed, it would be unjust to allow him to retain that without paying anything. 2 Pars. Cont. (6th ed.), 523; *Duncan v. Baker*, 21 Kas. 99.

Another point made by counsel is, that the court below erred in not sustaining the motion of the defendant to have Sweet & Stone, two sub-contractors, made parties defendant in the action. The record shows that the defendant, in his answer, alleged that G. H. Sweet and F. R. Stone, late partners as Sweet and Stone, duly filed a lien on the premises of defendant on January 9, 1877, for the sum of $300 for labor and services, as mechanics and sub-contractors of plaintiff; that on the trial the defendant moved the court to make said sub-contractors parties defendant, and to cause them to appear in accordance with the prayer of the answer; that the plaintiff admitted in court that Sweet & Stone had filed a lien for work done on the building as sub-contractors: thereupon the motion was overruled. Ordinarily this would have been material error, and sufficient to reverse the judgment; but, considering the result of the case and the inferences plainly drawn from the actions of the court and parties, we do not think the error was prejudicial to the plaintiff in error. The plaintiff originally claimed judgment in his petition for $1,500 and interest; when he submitted the case to the court, he reduced his demand to $1,100. The lien of $300 was admitted by all the parties; there was no controversy over the amount. The court had the right to deduct this sum from the amount

due to the plaintiff, as such sum of $300 was set up in the answer. No special findings were asked for, or made, and as the court assessed the recovery at only $600, with interest from November 9, 1876, considering the admissions of the parties to the amount of the lien, we think we may fairly assume that the lien of $300 was deducted from the sum due for the work and materials. If this was the fact, the only person who could complain would have been the plaintiff below, not the defendant. Hence no error was committed to the prejudice of the defendant's rights.

We have examined the other questions presented, but in the condition of the pleadings and record, we think nothing further need be said.

The judgment of the district court will be affirmed.

All the Justices concurring.