SCHOOL DISTRICT NO. 2, IN WABAUNSEE COUNTY, V. BOYER & BOYER *et al.*

1. ACTION ON CONTRACT—*Amendment of Petition*—*Quantum Meruit.* The plaintiff, who alleges the construction of a building under a written contract with the defendant, and who asks a recovery of the contract price, may subsequently amend the petition so as to claim the actual value of the materials furnished and the work performed, upon such terms as the court may deem just.

2. ———— *Measure of Recovery.* Where the building is erected upon and becomes a part of the realty of the defendant, and although defective in some respects is of real and substantial value to the defendant for the purposes intended, the plaintiff may recover from the defendant what the building is reasonably worth to him.

3. ———— *Evidence—Demurrer.* The testimony in the case found to be sufficient to sustain the overruling of a demurrer to plaintiff's evidence.

*Error from Wabaunsee District Court.*

THE case is stated in the opinion.

*J. F. Peffer,* for plaintiff in error.

*Geo. G. Cornell,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: This was an action brought by Boyer & Boyer, to recover $1,030 for furnishing material and constructing a school-house in School District No. 2, in Wabaunsee county, and to foreclose a mechanic's lien which they had filed against the school district and building. They alleged in their petition, as a first cause of action, that on or about the 20th day of July, 1889, they entered into a written contract with the school-district board to furnish material and erect for the school district a school-house, and that soon after the making of the contract they commenced the work, which was completed on October 7, 1889. They state that they performed all the conditions of the contract on their part, but that the school district had failed and refused to pay them the contract price, or any part thereof. It is further alleged

that they duly perfected the mechanic's lien to which they were entitled, and they asked for a foreclosure of the same. As a second cause of action, it was alleged that, before the signing of the written contract set out in the first count of the petition, they had entered into an oral contract with the school district to erect the school-house in the manner and upon the terms set out in the written contract, which oral contract was not reduced to writing until July 31, 1889, and that prior to the signing of the written contract work had been commenced, and the foundation of the building nearly completed, and that they were permitted by the school district to carry on the building to completion, and that the material furnished, and the work and labor performed for and upon the building, was worth the sum of $1,030, no part of which had been paid. The defense of the district was a non-performance of the conditions of the contract by the defendants in error. At the February term, 1890, the case was tried by the court without a jury, and, after the evidence of the Boyer brothers had been introduced, a demurrer to the evidence upon each count of the petition was filed by the school district, and the court sustained the demurrer as to the first count, and overruled it as to the second count. After hearing the evidence of all the parties, the court subsequently rendered judgment against the district for $739.95, together with interest and costs.

Two grounds of error are assigned for a reversal: First, that the court erred in permitting the Boyer brothers to amend their petition during the progress of the trial by setting up the second count, which has been referred to, and which seems to have been pleaded with a view of recovering the value of the materials furnished and the labor performed, in case the court should hold that the work had not been done in the exact manner stipulated in the contract, and that they were not entitled to recover the price agreed on in the contract. A reading of the record satisfies us that no injustice was done in this respect. Great latitude is given to the court in the matter of amending pleadings, and it does not appear by the record that the defendant below asked for a

continuance or suffered any prejudice by reason of the amendment. The plaintiffs below were seeking a recovery for the building of the school-house, and an amendment containing facts which authorized the recovery as upon a *quantum meruit* was allowable. If the school district was taken unawares by the amendment, or was unprepared to meet the new phase of the case, a continuance might have been had upon application to the court. But no such application was made.

It is next insisted that the court erred in overruling a demurrer to the evidence offered by the Boyer brothers to sustain the second count in the petition. The testimony tended to show that there was some deviation from the requirements of the contract, but there was evidence offered in behalf of the Boyer brothers that there had been a substantial compliance with the contract; that they had endeavored in good faith to carry out its conditions; and that the defects were slight and unimportant. It is true that the foundation wall was made of grouting, instead of rubble-work, as the written contract required; but the contractors state that the wall was mostly completed before the written contract was entered into, and the school district knew the character of wall that was being built; and it is further claimed that it is as substantial and durable as though it had been rubble-work.

In our opinion there was sufficient testimony to warrant the judgment that was given. The building is erected upon the land of the school district, and there appears to have been an honest attempt to comply with the conditions of the contract.

"It is well settled that where one party has entered into a special contract to perform work for another and furnish materials, and the work is done and the materials are furnished, but not in the manner stipulated for in the contract, so that he cannot recover the price agreed on in the contract, yet, if the work and materials are of any value and benefit to the other party, he may recover for the work done and for the materials. This is upon the principle that if the other party has derived a benefit from the part performed it would be unjust to allow him to retain that without paying anything." (*Barn-*

*well v. Kempton,* 22 Kas. 314; *Duncan v. Baker,* 21 id. 99; *Usher v. Hiatt,* 21 id. 548.)

The building erected is attached to the realty and becomes the property of the school district. It is of substantial value to the district and may be used for the purposes for which it was built. To allow the school district to retain the building without paying the contractors the reasonable worth of the same would be an injustice. The court evidently found that, although the school-house was defective in some particulars, it was of real and substantial value to the district for the purposes intended, but because of the defects limited the award to the actual benefits which the district received.

The plaintiff in error greatly relies on *Denton v. City of Atchison,* 34 Kas. 438, but that case is not apt or controlling. In that case there was no substantial compliance with the provisions of the contract, and the improvements constructed did not attach to the realty of the city or become its property. Then again, in making the improvements the city authorities are acting in behalf of the abutting property-owners who are substantially benefited by the improvement, and at whose expense it is made, and are required to pursue closely the direction of the statute; and payment cannot be enforced against the property-owner unless the statutory requirements are observed. It is true that there is much conflict of testimony in the record, but on a demurrer to the evidence we must view that of the plaintiffs below in its most favorable light; and so looking at it, we readily conclude that there was sufficient testimony to overcome the demurrer of the school district.

The judgment of the district court will be affirmed.

All the Justices concurring.