[Civ. No. 1779.  First Appellate District.—June 15, 1916.]

# JOEL ROULLARD, Respondent, v. DONLEY C. GRAY, Appellant.

CONTRACTS—HUSBAND AND WIFE—SECTION 158, CIVIL CODE.—Under section 158 of the Civil Code a husband or wife may enter into any engagement with the other or with any other person respecting property which either might if unmarried.

ID.—SALE OF AUTOMOBILE TO WIFE—NONLIABILITY OF HUSBAND—EVIDENCE.—In an action against the husband to recover the balance due on an automobile purchased by his wife, evidence of an offer on the part of the husband to compromise the claim is insufficient to show his liability thereon, there being no delegation of authority by him to his wife to represent him generally or in the particular transaction.

ID.—AUTOMOBILE NOT NECESSARY OF LIFE—ABSENCE OF AUTHORITY OF WIFE—HEARSAY EVIDENCE.—An automobile cannot be deemed one of those necessaries of life that a wife is authorized to purchase upon her husband's responsibility, and therefore she has no implied authority to represent him in such purchase, and evidence of what she said when she purchased the machine is hearsay and inadmissible against the husband.

ID.—PLEADING—AMENDMENT—SAME CAUSE OF ACTION.—Where the original complaint in such an action was founded upon a promissory note given for the balance of the purchase price of the automobile, an amended complaint setting forth a cause of action for goods sold and delivered does not contain a different and new cause of action.

APPEAL from a judgment of the Superior Court of Fresno County.  H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

Larkins & Bailey, for Appellant.

Kitt Gould, and C. K. Bonestell, for Respondent.

THE COURT.—This is an action to recover the balance due on account of the sale of an automobile alleged to have been made by the Roullard-Brown Auto Company to the defendant, the account having been assigned to the plaintiff.

The transaction for the purchase of the automobile was conducted by Hazel I. Gray, the wife of the defendant, and as

part of the purchase price the sellers took her promissory note for $440; the machine was delivered to her, and the balance due thereon, as evidenced by the note, was charged to her personally upon their books. Notwithstanding these facts the plaintiff seeks to hold the defendant upon the contract.

A husband or wife may enter into any engagement with the other or with any other person respecting property which either might if unmarried. (Civ. Code, sec. 158.) It would appear from what is above narrated that the transaction was one between defendant's wife and the vendors of the automobile, for which she alone was responsible. The only evidence in the case tending to show that Mrs. Gray was acting on behalf of the defendant in the transaction consists of two inferences to be drawn, one from a letter written by him, and the other from an admission claimed to have been made by him to one of the plaintiff's assignors, and an offer on the part of the defendant to compromise the claim. Evidence of this offer went in without objection, and was made, according to a declaration imputed to the defendant, with a view to help reach a settlement of domestic troubles which he was having at the time with his wife. As to the inferences just referred to, they are as consistent with the claim that the automobile was the property of Mrs. Gray as with any other theory; but assuming that the court was warranted in construing the offer to compromise and claimed admissions against the defendant, still we think they amounted to no more than slight evidence insufficient to support the findings. (Code Civ. Proc., sec. 1835.) There was no evidence introduced at the trial that there was any delegation of authority from the defendant to his wife to represent him generally or in this particular transaction; and as, under the circumstances of this case, an automobile cannot be deemed one of those necessaries that a wife is authorized to purchase upon her husband's responsibility, it follows that she had no implied authority to represent him; hence evidence of what she said when she purchased the machine was hearsay and inadmissible as against the defendant.

With regard to the original complaint, considering it as being founded upon the promissory note alone, still it will not be held that plaintiff, in setting forth in the amended complaint an action for goods sold and delivered, has declared upon a different and new cause of action. A declaration

counting on a specialty, as a note, may be substituted for one in the form of a common count, the cause of action being the same. (*Vaughn* v. *Rugg*, 52 Vt. 235; *Schieffelin* v. *Whipple*, 10 Wis. 72; *Nelson* v. *Webb*, 54 Ala. 436; *Gray* v. *Bass*, 42 Ga. 271; *Clarkson* v. *Morrison*, 24 Mo. 134; *Born* v. *Castle*, 22 Cal. App. 282, [134 Pac. 347]; *Redington* v. *Cornwell*, 90 Cal. 49, [27 Pac. 40]; *Vancleef* v. *Therasson*, 20 Mass. (3 Pick.) 12; *Cox* v. *McLaughlin*, 76 Cal. 60, [9 Am. St. Rep. 164, 18 Pac. 100].) In a suit on a written contract for the construction of a building, the plaintiff may be allowed to amend at the trial by adding a *quantum meruit* count for labor and materials furnished. (*School Dist. etc.* v. *Boyer*, 46 Kan. 54, [26 Pac. 484].) In New York it has been held that in an action on a note an amendment of the complaint by inserting a count for goods sold and delivered which formed the consideration of the note may properly be allowed at the trial, it being in furtherance of justice and not changing substantially the plaintiff's claim. (*Vibbard* v. *Roderick*, 51 Barb. (N. Y.) 616.)

The judgment is reversed.