FRANK SZOTH, Respondent, *v.* JOHN GREEN, Also Known as ZIELINSKI, and Another, Appellants.

County Court, Oneida County, April 12, 1935.

*Frederick Kronmiller*, for the appellants.

*Francis T. Ropiecki*, for the respondent.

HANAGAN, J. Plaintiff recovered a judgment in Justice's Court in the city of Utica, N. Y., on August 14, 1925, in the sum of $215.65. Thereafter on September 15, 1925, the above defendants appealed to the Oneida County Court for a new trial. Neither party has taken a step to bring the case to trial. A motion was made by the plaintiff to dismiss the appeal of the defendants, which motion was returnable in this court on January 29, 1935.

It will be observed that this appeal has been pending in County Court for over nine years.

Section 450 of the Justice Court Act provides the practice for the hearing and dismissal of appeals. This section seems to be directed to appeals taken to County Court in cases where a new trial is not demanded.

Under section 446 of the Justice Court Act, an appeal provided for in that article, after the expiration of ten days from the time of filing the justice's return, is deemed an action at issue in the appellate court; and all proceedings therein, including the entry, enforcement and review of the judgment, are the same as if the action has been commenced in the appellate court except as otherwise especially prescribed in that act.

Rule 156 of the Rules of Civil Practice provides for motion for dismissal of complaint in pending actions in any court where the plaintiff fails to bring the same to trial within a reasonable time according to the course and practice of the court.

The above action, according to the course and practice of the Oneida County Court during the last ten years, could have been disposed of within four months after the action was at issue. During these years hundreds of cases of later issue have been disposed of in the same court.

The burden of moving the action for trial in the appellate court rested with the defendants, appellants. The plaintiff, respondent, had his Justice's Court judgment and was entitled to rely on it. Unless the appellants prosecuted their appeal within a reasonable time, there is no duty on the part of the plaintiff to put himself to the trouble of a new trial and the additional expense incident thereto so that there may be a disposition of the appeal. The defendants offer no reasonable excuse for their neglect in prosecuting this appeal. Their delay in prosecuting the same has been unreason-

able and contrary to due and orderly progress of practice. The defendants took their appeal and then permitted the matter to slumber for over nine years.

The defendants, appellants, are guilty of unreasonable neglect in prosecuting this appeal. (*Seymour* v. *Lake Shore, etc., R. Co.,* 12 App. Div. 300; *Zafarano* v. *Baird,* 80 id. 144; *Kellner* v. *Kener,* 216 id. 244.)

Although the point was not raised on the motion papers or argument, it appears from the return of the justice of the peace herein that the appeal herein was not taken within twenty days after the entry of the judgment in the justice's docket as provided in section 428 of the Justice Court Act, and was, therefore, untimely.

The motion to dismiss the appeal is granted, with fifteen dollars costs.