## SMITH v. HOOD RUBBER PRODUCTS CO.

No. 25084.  Oct. 22, 1935.

Rehearing Denied Nov. 26, 1935.

Bryan Phillips, for plaintiff in error.

Pierce, McClelland, Kneeland & Bailey, for defendant in error.

WELCH, J. This is an appeal from the district court of Caddo county. The cause was taken to the district court on appeal from the justice of the peace court; plaintiff in error was defendant in the justice of the peace court, and was plaintiff in the district court. The parties will be herein referred to as plaintiff and defendant, as they appeared in the justice of the peace court.

Plaintiff brought suit in the justice of the peace court on open account. Defendant admitted a portion of the account and denied a part of same; trial resulted in judgment for plaintiff for the full amount claimed. Upon appeal to the district court, that court sustained plaintiff's demurrer to defendant's evidence, and instructed a verdict for plaintiff for the full amount of its claim.

The sole contention for reversal is stated in the words of the defendant as follows:

"When a cause is tried before a jury in justice court or in the district court before a jury, where the case is appealed from the justice court to the district court for a trial de novo, the jury is the sole judge of the law and the evidence, and a judgment upon an instructed verdict is wholly without authority of law."

In support of his contention he calls attention to section 974, O. S. 1931, which provides that the justice of the peace shall in no case instruct the jury on questions of law or fact. He then calls attention to Gaddis v. Williams, 81 Okla. 289, 198 P. 483; Hesser et al. v. Johnson, 13 Okla. 53, 74 P. 320, and Matheny v. Bank of Nashville, 61 Okla. 123, 160 P. 92.

Thus he argues that inasmuch as the justice of the peace cannot instruct the jury on questions of law or fact, and the district court tried the case de novo on appeal, the district court was therefore without authority or jurisdiction to instruct a verdict.

We do not agree with defendant's contention, nor do we consider the cited cases authority in support thereof. The cases announce only the rule that the appellate courts on a trial de novo are confined to the jurisdictional limits of justice of the peace courts as to the amount for which judgment may be rendered.

The question has been substantially decided in the early opinions of this court. In the case of Baker v. Newton, 27 Okla. 436, 112 P. 1034, the court, speaking through Justice Hayes, in an able and thorough discussion of the essentials of jury trials as preserved by our state Constitution, pointed out the requirement that the trial judge be empowered to instruct the juries, and that the procedure in justice of the peace courts in this respect was not applicable to courts of record. The controlling considerations in that case are equally forceful here.

In the case of Tate v. Stone, 35 Okla. 369, 130 P. 296, in the fourth paragraph of the syllabus it is held:

"As to cases commenced in the justice of the peace courts after the erection of the state and appealed to the county court under section 12, art. 7 (section 197, Williams' Ann. Const. Okla.), of the Constitution of this state, the judge of said court, as a court of record, is authorized to instruct the jury as to the law applicable to the case; and said jury is bound by said instructions."

The case is almost directly in point, differing only in that the appeal there was to the county court, instead of the district court. We observe that sections 1018 and 1022, O. S. 1931, are the statutory provisions governing appeals from justice of the peace courts and the trial thereof, and that they apply equally to district and county courts.

A very similar question as raised here was considered by the Court of Appeals of Kansas in Samuels v. Greenspan, 58 P. 482; with reference thereto the court said:

"In relation to the refusal of the court to submit certain special questions of fact to the jury, for the reason that the cause was appealed from a justice of the peace, it seems to be argued by the defendant that, as no special questions could be submitted in the trial before the justice of the peace, none could be insisted on in the district court. We do not so understand the law. When a case is taken on appeal to a higher court, the appellate court has only the jurisdiction of the court from which the case comes, but the mode of procedure is that of the court in which it is being tried."

Finding no error, the cause is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS and CORN, JJ., concur.