## ROCHELLE v. SHARP.

No. 27773.   Sept. 13, 1938.

L. D. Akin, for plaintiff in error.

M. L. Hankins and Holden & Coe, for defendant in error.

WELCH, J. This is an appeal from the county court of Pottawatomie county wherein the defendant in error obtained judgment against plaintiff in error upon a promissory note. We will refer to the parties as plaintiff and defendant, as they appeared in the trial court.

It is first urged that this appeal should be dismissed because the case-made is not the same as served upon plaintiff's attorneys. It appears that a case-made was served on November 7, 1936; that on February 12, 1937, the trial court made certain nunc pro tunc orders which were then incorporated in the case-made. It is insisted by plaintiff that he received no notice of the additions to the case-made and that he was not present when the same was settled and signed by the trial judge, but such contention is first presented in the brief.

The record discloses notice of settlement given to plaintiff on February 16, 1937, and the certificate of the trial judge dated February 25, 1937, recites that the attorneys for the respective parties have stipulated that the case-made is true and correct.

It is true that the case-made does not show any such stipulation, but it was incumbent upon plaintiff to appear upon the settlement of the same; the record before us imports verity, and plaintiff will not be heard by mere statements in the brief to dispute the recitations contained in the certificate. Kriewitz v. Taylor, 172 Okla. 227, 45 P.2d 527; section 540, O. S. 1931; St. Louis & S. F. R. Co. v. Taliaferro, 58 Okla. 585, 160 P. 610. Under the record as it appears here, it will be presumed that the plaintiff appeared in open court and agreed to the contents of the case-made.

The determining question presented upon appeal is whether the defendant's plea of res judicata is effective.

The controlling facts in that connection are that prior to the institution of this suit the plaintiff had brought suit upon the same demand in a justice of the peace court, where the trial resulted in a verdict and judgment in favor of the defendant. From that judgment the plaintiff perfected an appeal to the county court, and before trial therein, with the approval and upon the order of the court, plaintiff "dismissed his case without prejudice, but not his appeal." Some two months thereafter, plaintiff filed this action, which is admittedly based upon the same claim as that involved in the suit in the justice of the peace court.

The defendant set up the justice of the peace judgment in his favor as a plea of res judicata, which was denied by the trial court, upon the theory that the judgment of the justice of the peace court did not become a final judgment, and that the plaintiff, upon appeal therefrom, could dismiss his cause of action with the same right and freedom as he could have dismissed the same before trial in the justice of the peace court, and that having exercised such right by a dismissal without prejudice, the judgment of the justice of the peace court was set aside and extinguished and plaintiff therefore could commence a new action on the note.

We have examined the authorities given us by the respective parties and have made some additional research covering the question. We are well aware that under section 1022, O. S. 1931, upon appeal from the judg-

ment of the justice of the peace court the cause is tried de novo, and it has been held by this court in School Dist. No. 84 et al. v. Asher School Dist. No. 112 et al., 168 Okla. 282, 32 P.2d 897, and Peters v. Holder, 40 Okla. 93, 136 P. 400, that upon such appeal the whole case is tried anew and as if no action had been instituted in the court below. See, also, to the same general effect, the case of Smith v. Hood Rubber Products Co., 174 Okla. 282, 52 P.2d 768.

We think it of some importance also to note the further provisions of section 1022, supra, which authorizes the appellate court, in furtherance of justice, to allow amended pleadings to be made, or new pleadings to be filed. We also observe section 1019, which provides for the giving of an appeal bond, one of the conditions being that the appellant will prosecute the appeal to effect and without unnecessary delay.

Section 418, O. S. 1931, 12 Okla. Stat. Ann. sec. 683, part of the general statutes on Civil Procedure, provides:

"An action may be dismissed, without prejudice to a future action: First, by the plaintiff before the final submission of the case to the jury. * * * "

Plaintiff contends that this privilege of dismissal applies to his appealed cause from an adverse judgment of the justice of the peace court, because it stands for trial de novo, and notwithstanding the fact that his action had theretofore, in the justice court, been finally submitted to a jury with full power to pass on it.

This court has not heretofore had occasion to pass on the exact question. The matter is not specifically covered by those statutes dealing expressly with procedure in justice court actions, but the appeal bond requirements imply a duty on an appealing plaintiff to prosecute his appeal to effect.

A statement on both sides of the question may be found in 35 C. J. page 811, par. 524. There we find authorities to the effect that plaintiff may so dismiss his cause. We find there also citations of authority to the contrary; notable among them is the case of Reed v. Rocap, 9 N. J. L. 347, decided by the Supreme Court of Judicature of New Jersey in 1828, wherein it is held as follows:

"If a plaintiff appeals from a judgment rendered against him in favor of the defendant, he cannot, on the appeal, move the court for a judgment of nonsuit, and thereby get rid of the judgment against him."

Although there the defendant obtained a judgment in the justice of the peace court

336

against the plaintiff by way of offset, we think some reasoning of the court is quite applicable to our question. Here we quote from the opinion as follows:

"A party who, as plaintiff, has instituted a suit, may during a certain period of its progress, voluntarily withdraw, cease to follow it, and submit to have judgment entered that he doth not further prosecute, which, however, is always rendered, not at his instance, but that of his adversary. The principle on which this permission to withdraw is founded is that the procedure on the part of the plaintiff is his own, instituted for his own benefit; that in abandoning it he affects or abridges the right of no other person; and as he must pay costs to his adversary, he is thereby deemed, in legal contemplation, to make him indemnity for calling him into court; so long then as he can exercise control over the proceedings without interfering with the established rights of another, he is permitted to do so. But whenever such proceedings have occurred, or the suit has so far advanced that any right of the adverse party has been legally established, or may be abridged by a relinquishment of further proceedings, the power of the plaintiff has ceased.

"Thus, for example, during all the stages of the suit, antecedent to the trial, the plaintiff may, at his pleasure, cease to prosecute. So even on the trial, when the jury are ready to pronounce their verdict, he may withdraw. But the verdict being rendered against him, his control is at an end. If he even obtain a rule to show cause why a new trial should not be granted, he cannot, at his will or by his choice, arrest the further progress of the defendant. Take for illustration the example of a verdict or judgment actually rendered in favor of a plaintiff, but for a less sum than he believes himself entitled to recover. By a rule to show cause, or by writ of error, he may seek relief He may indeed in both cases voluntarily abandon his suit; but he cannot, in either, obtain what is technically called a nonsuit, or in any wise at his own will entitle himself to prosecute his claim in another action as an open and undecided matter. These principles apply with equal force to the case under our consideration. By the verdict and judgment in the court for the trial of small causes, the original defendant has acquired a right, of which, if the plaintiff should be allowed at his mere pleasure to deprive him, the law would be not only inconsistent with itself but unjust and impolitic. By the verdict and judgment the situation of the parties have undergone an essential change. The plaintiff below would doubtless on the appeal be entitled first to exhibit the evidence of his claim; but to a certain extent both parties are actors, and the original plaintiff could not cause at his pleasure the judgment below to be reversed and all further proceedings to cease, without abridging the rights of the other party. If such power be allowed to the plaintiff, it would be far better that he should at once, before the justice, annul the judgment, without the useless expense and idle ceremony of the appeal.

"An obscurity in the examination of this subject has arisen from the omission to fix and bear in mind the precise time when the judgment of the justice ceases to exist. Its existence does not cease when the appeal is granted, nor when entered in the Court of Common Pleas, nor when the hearing of the cause in that court has commenced. It ceases only when it is by an act of that court destroyed. It remains until reversed. If the appellant does not appear and prosecute, the appeal is dismissed, the judgment stands. * * *

"An appeal from the chancellor to the Court of Appeals presents some points analogous to the case before us The decree appealed from remains in force, its execution only suspended, until disposed of in the superior court. On the hearing of the appeal the decree is either affirmed or is first reversed, and then a new and proper decree made. During the progress of the suit in chancery the complainant would be permitted by the chancellor to withdraw his complaint antecedent to the establishment of any right in favor of the defendant. But if, after a hearing before the chancellor on the merits, a decree is rendered for the defendant, or, in other words, the complainant's bill is dismissed, and an appeal is then made by the complainant, the Court of Appeals would not sustain an application in the nature of a motion for nonsuit, nor permit the complainant to escape from the decree without first evincing its departure from the principles of equity.

"Our statute, as already remarked, contains no express provision for the present case. Certain parts, however, have a strong bearing upon it. By the condition of the appeal bond the appellant is bound to appear and prosecute the appeal in the Court of Common Pleas. Yet by the procedure now sought to be established, he may, contrary to his obligation, decline to appear and cease to prosecute. He is further bound to stand to and abide the judgment of that court. Does he abide that judgment by withdrawing from it? * * *"

The Supreme Court of Arkansas, in the case of Brenard Mfg. Co. v Pate & Self, 10 S. W. 2d 489, considered the exact question which we have here, and therein held:

"Judgments of justices of the peace, adjudicating rights of parties to causes of which justice courts had jurisdiction, are effective and valid until set aside in some manner provided by law.

"While cause is tried de novo on appeal to circuit court from judgment of justice of the peace, voluntary nonsuits taken in cir-

cuit court amount to dismissals of appeals, leaving justices' judgments in force as if no appeals had been taken.

"Effect of voluntary nonsuits, taken by assignee of notes sued on in circuit court on appeal from justice court judgments for defendant, being to leave justices' judgments in full force, court did not err in holding such judgments res judicata in payee's subsequent action on notes; plaintiff having no right, under Crawford & Moses' Digest sec. 1261, to dismiss action without prejudice."

The later case of Fowlkes v. Central Supply Co. (Ark.) 58 S. W. 2d 922, involves the same question. Therein the court said:

"The attempt is made to distinguish the instant case from the Brenard Case, supra, upon the ground that the instant case was dismissed without prejudice to the right to bring another suit, whereas the appeal in the Brenard Case was dismissed unconditionally. This distinction is not, however, of controlling importance.

"It was said in the Brenard Case that judgments of justices of the peace adjudicating the rights of parties to causes over which they have jurisdiction are effective and valid until set aside in some manner provided by law. Their enforcement may be suspended by appeals to the circuit court, provided bonds for that purpose are given as required by law, but the judgments remain effective and decisive of the question adjudicated, notwithstanding the appeal, until they are reversed or set aside.

"Now, if a justice judgment is a valid adjudication of a question within the jurisdiction of the justice court, it becomes final and conclusive of the question adjudicated, unless an appeal be taken. * * * Here an appeal was taken within the time limited, but that appeal was dismissed. It is true that appellee announced that this action was taken without prejudice to its right to bring another suit. But this condition was ineffective. It had no right to impose a condition, for the reason that it contravened the provisions of the statute in regard to appeals from judgments rendered in justice courts. The plaintiff could not disregard the judgment of the justice of the peace as it attempted to do. The judgment was in force as an adjudication of the question in issue, and the plaintiff could not set this judgment aside and render it ineffective by bringing another suit. The right to sue and enforce payment of the demand upon which the suit was based had been adjudicated, and the remedy provided by law to review this judgment was by an appeal to the circuit court within thirty days after the judgment was rendered, and not thereafter.

"More than thirty days after the rendition of the judgment, the appeal was dismissed, and the plaintiff's attempt to reserve a right not permitted by law was abortive. The appeal having been dismissed, and the thirty days having expired within which to appeal, the justice judgment became conclusive of the issue in the case, and the plea of res judicata should have been sustained.

"Appellee insists that it had the right to abandon its appeal from the judgment of the justice of the peace and to take a nonsuit without prejudice to a future action under section 2161, Crawford & Moses' Digest, which provides that an action may be dismissed without prejudice to a future action by the plaintiff before the final submission of the case to the jury or to the court where the trial is by the court. But this section has no application to suits reaching the circuit court on appeal from justice courts. It defines the practice in circuit and chancery courts, and relates to suits brought in those courts. Here, before the nonsuit was taken, there had been a final submission of the cause to a court having jurisdiction thereof, and that jurisdiction had been exercised and a judgment rendered which determined the rights of the parties thereto. An appeal to the circuit court was the remedy provided by law for the review of the justice judgment, where, upon a trial in the circuit court, the cause would have been heard de novo. There was neither necessity nor authority to bring a new suit to obtain this de novo trial, and the judgment of the circuit court, from which this appeal comes, must be reversed, and, as the cause of action upon which the judgment was rendered was concluded by the judgment of the justice court, the suit will be dismissed."

In Denver & R. G. R. Co. v. Paonia Ditch Co., 112 P. 692, the Supreme Court of Colorado held:

"Code Proc. section 166, giving plaintiff right to dismiss at any time before trial, on payment of costs, if a counterclaim is not made, does not give plaintiff, against whom the judgment is rendered in the county court, the right to dismiss his action without prejudice, after he has appealed to the district court and before trial there."

There the Ditch Company sued the Railway Company in the county court and failed to recover a judgment, just as in the present case. The plaintiff Ditch Company appealed to the district court under appellate procedure largely similar to our statutory procedure for appeals from the justice of the peace courts. The court therein said:

"After the court denied this motion, plaintiff asked, and was granted, leave to dismiss its action without prejudice, at its own costs, and, over the objection of defendant, this motion was granted, and the action was so dismissed. In this the court also erred. Section 166 of our Code of Procedure gives to a plaintiff the right to dismiss his action, at any time before trial, upon the payment of costs, if a counterclaim has not been

made. No counterclaim was made in this case, but a trial of the action had already been had in the county court. It cannot be that this section gives a plaintiff, against whom a judgment is rendered in the county court, as the result of a trial had there, the right to dismiss his action without prejudice after he has appealed it to the district court, and before trial there, upon the mere payment of costs. Otherwise a plaintiff might thus nullify a judgment against himself, then begin another action in the county court, there fail, appeal to the district court, and by dismissing his action without prejudice, begin again in the county court, and so indefinitely repeat the process, to the annoyance and vexation of his adversary. The spirit of the Code provision, as applicable to the facts of this case, is that the plaintiff may, as matter of right, before trial in the county court, dismiss his action upon payment of costs, if no counterclaim has been made; but an unsuccessful plaintiff is not thereby authorized, after failing in the county court, to appeal to the district court, and, before trial there, dismiss his action without prejudice, over the objection of the successful defendant. The perfecting of an appeal to the district court from a judgment rendered by the county court does not vacate that judgment. It merely suspends its execution till the district court otherwise orders. The action of the district court here is equivalent to an investiture in a litigant of the power in the appellate court to vacate a judgment rendered against him in the court of original jurisdiction, without a trial on the merits, which, in a case like this, resides only in the district court itself.

"It is to the interest of the state that there be an end of litigation. If the practice below should be sanctioned here, it would tend unjustly to prolong litigation and to put unrestrained power into the hands of one litigant to harass and annoy the other. * * * "

True, the court in that case does not in so many words refer to the fact that upon such appeal the cause is tried de novo, but section 1539, Rev. St. 1908, of that state, provides:

"In all appeals provided for in the foregoing section, the proceedings in the appellate court shall be, in all respects de novo."

And:

"* * * All such causes shall be conducted in the same manner as if originally brought in the district court."

We therefore feel justified in assuming that the court in its consideration of that case was fully cognizant of the rule that the cause upon appeal was tried de novo, but that such fact made no difference.

In Hall v Ritter Lumber Co., 2 Ohio App. 43, plaintiff had filed an action in the justice of the peace court and obtained judgment against the defendant. The defendant failed on his counterclaim and appealed to the court of common pleas. There the plaintiff sought to dismiss the cause of action without prejudice under a statute identical to our statute (section 418, O. S. 1931, quoted supra), which was a part of a chapter of the Ohio statutes relating to proceedings in the common pleas court in actions originating there, just as section 418, O. S. 1931, is a part of our Code relating to procedure in original actions in courts of record in this state.

In the Ohio case reliance was placed on a statute, Gen. Code, sec. 10387, providing:

"When an appeal is taken from a judgment of a justice of the peace, to the court of common pleas, the plaintiff below shall be plaintiff above; and in all respects, the parties must proceed as if the action originally had been commenced in that court."

It was urged that this called for application to cases appealed by plaintiff from justice court of the provisions of the Ohio statute relating to dismissals by plaintiff as a matter of right. That court in denying the contention said:

"We are, therefore, of the opinion that section 10387 only applies to such cases when they are to proceed in the appellate court, as it only provides how the parties 'must proceed' and says nothing about how they must or can stop. As the dismissal of such cases is fully provided for in other sections of the same chapter, we think the words 'must proceed' as here used refer to the conduct of the trial and that the purpose of the section is to furnish, by reference, and in a brief way, the rules for pleadings, evidence, verdict, etc., and do not include or apply to such cases the rule as to dismissals of cases originating in the common pleas court."

We have no doubt that our statutes relating to appeals from judgments of justice of the peace courts are designed for the purpose of affording a means for a complete review or determination anew of the issues between the parties to the controversy tried in such court; that they clearly contemplate that appellant will "prosecute the appeal to effect and without unnecessary delay," in accordance with the condition of the appeal bond, and that the statutes governing such appeals are not designed as a vehicle for plaintiff's use in arbitrarily avoiding and destroying the effect of the judgment of a court of competent jurisdiction. In this case we are unable to understand how the plaintiff may dismiss his action without by so

doing also dismiss his own appeal from the adverse judgment in the justice court. How can the entire cause be dismissed yet have the appeal remain pending? It is our conclusion that the dismissal of the cause of action here necessarily resulted in a dismissal of the appeal, and the judgment rendered in the justice of the peace court remains in full force and effect the same as if no appeal had been taken.

A different question is presented in a case where the plaintiff prevails in the justice court and the defendant appeals, and thereafter in the appellate court the plaintiff desires to voluntarily dismiss his action, thereby relieving the defendant from the judgment against him. We do not here consider or determine such a question.

For the reasons stated, the judgment is reversed, and as the cause of action upon which the judgment herein was rendered was concluded by the judgment of the justice of the peace court, the suit will be dismissed.

BAYLESS, V. C. J., and PHELPS, CORN, and HURST, JJ., concur. OSBORN, C. J., and GIBSON and DAVISON, JJ., dissent. RILEY, J., absent.