OVERSTREET v. JONES.

No. 29818.    April 15, 1941.

*112 P. 2d 377.*

G. Gordon McBride, of Oklahoma City, for plaintiff in error.

Bryan Billings, of Oklahoma City, for defendant in error.

BAYLESS, J. Roy Jones, doing business as Capitol Hill Grocery, sued H. L. Overstreet in a justice of the peace court for "the sum of $95 for promissory notes, including $73.29 principal, $3.50 interest, and $18.32 attorney's fee." Overstreet filed an answer denying "that he at any time executed the six notes upon which plaintiff bases his cause of action." This was verified. Judgment was for plaintiff, and defendant perfected an appeal to the court of common pleas of Oklahoma county.

After the transcript of appeal was filed in the appellate court and stood for trial de novo (section 1022, O.S. 1931, 39 O.S.A. § 243) "upon the original papers on which the cause was tried before the justice, unless the appellate court, in the furtherance of justice, allow amended pleadings to be made," the plaintiff offered an "amended bill of particulars," and gave defendant notice that he would apply at a time stated for leave to file the same. Endorsed on the amended bill of particulars is leave to file, signed by the judge.

This amended bill of particulars reads:

"That the defendant, H. L. Overstreet, is indebted to plaintiff, to wit: for groceries and meats, which plaintiff sold and delivered to said defendant between the 1st of February, 1938, and the 21st day of September, 1938, of the value of $73.29. That said sum is true and correct and is due and wholly unpaid."

Thereafter, defendant filed a motion to strike this pleading, the principal reason being that the cause of action first stated was to recover on notes, and a judgment thereon had been rendered, and that the amended bill of particulars was on an open account and constituted a new and distinct cause of action. Defendant contends that the so-called amended pleading is not an amendment within the meaning of the statute, supra, and section 879, O. S. 1931, 39 O. S. A. § 134, reading:

"The bill of particulars may be amended at any time before the trial, or during the trial, or upon appeal, to supply any deficiency or omission in the items,

when, by such amendment, substantial justice will be promoted."

Defendant asserts that it is a new and distinct cause of action and that the court of common pleas has jurisdiction in this appeal only of the cause of action that was adjudicated in the court below and appealed.

We have held that the courts of this state that may entertain appeals from justice of the peace courts for trial de novo entertain only appellate jurisdiction, and not original jurisdiction. Row v. Morris, 174 Okla. 119, 49 P. 2d 1103, and other cases. The appellate court hears the cause of action that was tried in the justice of the peace court as though there had never been a prior trial, and the judgment of the justice of the peace stands until it is vacated by the judgment rendered on the trial de novo in the appellate court. Rochelle v. Sharp, 183 Okla. 334, 82 P. 2d 813.

It seems to us that the fact that the appellate court may permit the making of amended pleadings ought not to confuse. If the jurisdiction of the appellate court is not original, it seems clear that a cause of action that was not filed or presented to the justice of the peace ought not to be presented to the appellate court under the guise of an amendment of the cause of action presented to the justice of the peace.

By section 879, supra, bills of particulars may be amended before trial, during trial, or on appeal "to supply any deficiency or omission in the items." The query now arises, If an action is filed in the justice of the peace court on a promissory note, could a new pleading that abandoned the theory of liability on the note and set up a liability on an open account be called an amendment "to supply any deficiency or omission" in the pleading sought to be amended?

We think not. The substantial differences between an action on a promissory note and an action on open account with respect to relief are too obvious and well known to require setting out here. No allegation of fact with respect to the open account could be considered as sup-

plying "any deficiency or omission" on the note unless it would be to explain consideration. But in such an instance the action would still be on the note, not the account.

With respect to amendments on appeal from judgments of justices of the peace, see 35 C. J. 826, § 546; Am. Dig. (West) Justices of the Peace, Key No. 174. The case of Sneath v. Holtz, 2 Ohio Dec. 423, is an almost identical case. Sneath sued on a note, and on appeal asked permission to change to sue for the value of the work done which was alleged to be the consideration for the note given. We quote the pertinent part of the opinion:

"This is a motion by the plaintiff to amend his bill of particulars.

"The action was brought before a justice of the peace to recover upon a promissory note. From the judgment rendered by the justice, an appeal was taken to this court. The plaintiff now asks leave to amend his bill of particulars, by substituting, for the cause of action upon the note, a cause of action for the value of work for which the note was given.

"An examination of the transcript of proceedings before justice, shows that the only bill of particulars filed by the plaintiff, is the note upon which the suit was brought.

"Section 56, of the Justice's Code, authorizes, upon appeal, an amendment of the bill of particulars, to supply any deficiency or omission in the items, when, by such amendment, substantial justice will be promoted. Thus, the right of amendment is limited to supplying a deficiency or omission in the items of the original bill. It is not claimed that the original bill of particulars is deficient, or that any items are omitted. And, as the defendant's note is the plaintiff's bill of particulars, we do not see how the plaintiff can change or vary it, by amendment, or otherwise."

Some decisions found under the key number above seem to permit such an amendment as here, but when they are read we think sufficient differences appear to destroy any analogy or persuasiveness. See Roullard v. Gray, 30 Cal. App. 757, 159 P. 457.

636

The decisions of this and other courts treat the granting of permission to amend on appeal as being a matter of discretion. But this is not an unlimited discretion. When the amendment sought to be made is legally permissible, the trial judge has to exercise his discretion as to whether it is in furtherance of justice.

We do not find that this court has passed on an issue like this, but in Horton v. Early, 39 Okla. 99, 134 P. 436, in discussing the liberality with which amendments should be permitted on appeal, we cautioned: "A new cause of action should not be permitted to be introduced by amendment to the pleadings." The issue in Rochelle v. Sharp, supra, differed materially from that in this appeal, but some of the discussion therein lends weight to our conclusion herein.

The judgment of the court of common pleas based on the amended bill of particulars is reversed, and the cause is remanded for further proceedings.

WELCH, C. J., and GIBSON, HURST, and ARNOLD, JJ., concur.