HEFFERNON v. HIGDON.

No. 30141.    Oct. 7, 1941.

*117 P. 2d 768.*

Paul L. Washington and Albert D. Lynn, both of Oklahoma City, for plaintiff in error.

Frank Seay and James W. Pipkin, both of Seminole, for defendant in error.

HURST, J. Plaintiff, Dr. George A. Heffernon, sued the defendant, K. C. Higdon, in justice court to recover on a promissory note. He recovered judgment on January 24, 1939. Defendant appealed to the county court, his appeal being there docketed on April 18, 1939. The cause was tried in the county court on November 27, 1939, a jury being waived. The defendant objected to the admission of the note in evidence, and moved to dismiss the cause, because the plaintiff had not complied with the Intangible Tax Law (article 4, ch. 66, S. L. 1939, 68 O. S. A. § 1501). Thereupon the plaintiff asked leave to amend his bill of particulars by alleging that plaintiff is a nonresident of Oklahoma,

and consequently is not required to comply with the provisions of said law, and he also asked leave to then list the note and pay the tax of 44 cents so as to comply with said law. The defendant filed no pleading. The plaintiff dictated into the record a statement admitting that payments had been made reducing the principal amount of the note from $200 to $110. The defendant, without testifying as to any particular payments, testified by way of conclusion that he owed $37.87, and tendered that sum, and moved that the court enter judgment for the same, but without costs or attorney fees as stipulated in the note. The court took the cause under advisement, and on May 27, 1940, entered judgment dismissing the same for the reason that he was without jurisdiction to hear it. The plaintiff appeals.

It will be observed that the Intangible Tax Law, carrying the emergency clause, was approved on April 17, 1939, after the cause was tried in justice court, but the day before the cause was docketed in the county court. The first assessment under the law was due to be made after January 15, 1940. See sections 2 and 7 of the act, and section 12581, O. S. 1931, 68 O. S. A. § 81. Since the law was not in force at the time the cause was filed or tried in the justice court, it would not have been possible for the plaintiff to allege and prove compliance with the act as required by section 15 thereof. Assuming, without deciding, that the plaintiff should have complied with section 15 when the cause came on for trial in the county court (see, however, Shidler v. Ross, 189 Okla. 15, 113 P. 2d 603), we think it clear that the county court should have permitted the plaintiff to amend the bill of particulars by alleging facts showing that the plaintiff was not required to comply with the Intangible Tax Law, or that he had complied with it. Such an amendment would not have changed the cause of action, as held in Overstreet v. Jones, 188 Okla. 634, 112 P. 2d 377. The amendment being in furtherance of justice, the court should have permitted it under authority of section 1022, O. S. 1931, 39 O. S. A. § 243. It was an abuse of discretion not to permit the amendment to be made.

Reversed, with directions to grant a new trial and to proceed consistently with the views herein expressed.

CORN, V. C. J., and RILEY, GIBSON, DAVISON, and ARNOLD, JJ., concur. OSBORN, J., concurs in conclusion. WELCH, C. J., and BAYLESS, J., absent.