POSTON v. ALEXANDER.

No. 30650. Dec. 22, 1942.

*132 P. 2d 343.*

Owen E. Renegar, of Oklahoma City, for plaintiff in error.

Carmon C. Harris, David C. Shapard, and Frank Wilton Jones, all of Oklahoma City, for defendant in error.

HURST, J. The plaintiff, Alexander, sued Poston in justice court for damages growing out of a collision between an automobile owned by Poston and a milk truck belonging to Alexander. Alexander prevailed in justice court. Poston appealed to the court of common pleas, where Alexander again prevailed. Poston appeals.

1. Poston first contends that the court of common pleas erred in permitting Alexander to amend his bill of particulars. In the bill of particulars, Alexander alleged that the accident occurred at a street intersection in Oklahoma City and that at the time of the accident his truck was on the right side of the street and proceeding in a slow and careful manner and the accident was result of negligence on the part of the driver of the Poston car. In the amendment complained of, Alexander pleaded the ordinances of Oklahoma City relating to speed limits and the right of way at

654

intersections and alleged that the accident was caused by the violation, by the driver of Poston's car, of the provisions of the ordinance.

Our statute (39 O. S. 1941 § 243) provides that the appellate court in cases appealed from the justice of the peace court may, "in furtherance of justice, allow amended pleadings to be made, or new pleadings to be filed." The allowance of amendments under this statute is left largely to the discretion of the appellate court, and its action in allowing or refusing an amendment will not be disturbed unless an abuse of discretion is shown. Heffernon v. Higdon, 189 Okla. 434, 117 P. 2d 768; Horton v. Early, 39 Okla. 99, 134 P. 436, 47 L. R. A. (N. S.) 314.

The amendment did not change the nature of the cause of action, as condemned in Overstreet v. Jones, 188 Okla. 634, 112 P. 2d 377, but simply made more specific acts of negligence charged in general terms in the original bill of particulars. The defendant does not point out wherein he was prejudiced by allowing the amendment, and we cannot say that the allowance of the amendment was not in furtherance of justice.

2. It is argued that the evidence is not sufficient to sustain the judgment and verdict. The evidence on behalf of Alexander tended to show that the collision was due to fast and reckless driving by Poston's employee. The jury was the sole judge of the credibility of the witnesses and the weight to be given their testimony. Lowe v. Hickory, 176 Okla. 426, 55 P. 2d 769. The evidence was sufficient to sustain the verdict and judgment.

Affirmed.

WELCH, C. J., CORN, V. C. J., and OSBORN, BAYLESS, GIBSON, DAVISON, and ARNOLD, JJ., concur. RILEY, J., not participating.