James JONES, d/b/a Four Palms Private Club, Plaintiff in Error,

v.

NICOMA PARK RADIO & TELEVISION SERVICE, Defendant in Error.

No. 40920.

Supreme Court of Oklahoma.

Dec. 7, 1965.

Otto Pluess, III, Oklahoma City, for plaintiff in error.

Woodie C. Acree, Nicoma Park, for defendant in error.

BLACKBIRD, Justice.

This is an appeal from an order the Court of Common Pleas of Oklahoma County, hereinafter referred to as the "trial court", entered in an appeal to that Court from a judgment of one of said County's Justice of the Peace Courts against plaintiff in error, hereinafter referred to as "defendant", in favor of defendant in error, hereinafter referred to as "plaintiff".

It appears from the record that after the appeal from the Justice Court was regularly set on the Common Pleas Court's docket for trial de novo, on December 2, 1963, the trial was postponed on the latter date until December 9, 1963. In the absence of defendant's counsel on December 9, 1963, the trial was again postponed until December 11, 1963. When the case was set for trial on the latter date, counsel for the defendant appeared and, according to the record, the following transpired:

"* * *

"MR. PLUESS: Comes now the defendant, James Jones, and objects to the ruling of the Court remanding the above styled case for the reason that the case was regularly scheduled for trial on the 9th day of December, 1963; that counsel for the defendant was engaged * * *

"THE COURT: No, he wasn't engaged either. You could have tried this case here as well as the one up in that Court.

"MR. PLUESS: That counsel for the defendant was engaged in a trial in the District Court of Oklahoma County and so informed the Court. Whereupon, the Court and counsel unilaterally continued the case upon the jury docket until the 11th day of December, 1963, and notified counsel at 4:30 on the 9th day of December, 1963.

"THE COURT: When did you notify counsel, Roger?

"MR. PLUESS: Said notification was oral and was not as prescribed by

the rules of this Court, and was not agreed to by counsel.

"THE COURT: It was agreed to by counsel. You informed me you would be here.

"MR. PLUESS: I said I would be here but I didn't agree to the setting. You set it down, and I feel I need to be here. And for the further reason that counsel for the defendant has learned that the defendant is unable to appear in Court on this date due to in*climate* weather between this Court and the State of Kansas, where counsel understands the defendant to be at this time, and gives notice * * *

"THE COURT: Counsel has no proof of the fact that his client is in the State of Kansas. At this time he does not know where his client is, and if he has any witnesses to put on some proof as he contends, I would like for him to bring them in. The Court at this time is remanding the case to the Justice of the Peace Court, and the Court will allow you exceptions. * * *."

After further colloquy between the court and counsel for the respective parties, the court entered the order appealed from herein, which said order, in material part, reads:

"* * *

"* * *; that this case was appealed by defendant and has been docketed regularly for trial three times, as follows, to-wit: December 2, 1963, at which time defendant was not ready; December 9, 1963, at which time defendant was not ready and on this date, at which time defendant is not ready, and the court finds that defendant has breached the terms of his appeal bond wherein he contracted to prosecute his appeal to effect and without unnecessary delay, and on motion of plaintiff in open court, the court finds that the appeal should be dismissed and the case remanded to the Justice of the Peace Court to proceed therein as if no appeal had been taken; * * *."

Under "Proposition II" of his brief, defendant argues that the order appealed from should be reversed because neither the trial court's Rule No. 10 providing for the filing, and hearing, of motions for the setting of civil cases on its jury trial dockets, nor its Rule No. 17 requiring counsel to "deliver or mail opposing counsel" copies of motions filed in cases, was complied with. Presumably this argument is directed only toward the hearing on December 11, 1963, at which the court entered the order herein appealed from. There is no indication in the record, nor any contention made, that the case was not regularly set for trial at an earlier date; and, as will be noted from defense counsel's hereinbefore quoted opening statement to the court, he represented that the case "was regularly scheduled for trial on the 9th of December, 1963; * * *". The quoted portion of the record also indicates that, on that date, the case was reset just to accommodate counsel for defendant, and that said counsel admitted to the trial court that he agreed to be present for the trial later. Defendant's brief contains no argument, or authorities, showing that the rules he seeks to invoke were ever intended to apply to a postponement situation like the one before us. We therefore find no merit in the statements and representations made under his "Proposition II". Defendant's "PROPOSITION I" is:

"The authority of a trial court to dismiss an action is statutory and the statutory provisions were not followed."

In support of this proposition, defendant cites McBride v. Cowan, 80 Okl. 72, 194 P. 208 as holding "that the statutory grounds for dismissing a case must be followed * * *"; and, on the apparent premise that such grounds are confined to those set forth in Title 12 O.S.1961, § 683, he states that "none of the grounds set forth in the statute could be a basis * * *" for the order appealed from. Defendant's brief also contains a partial quotation from 17 Am.Jur., "DISMISSAL, ETC.", sec. 80 to support his position; but an examination of this section, from whose context the

quotation is taken, is sufficient to demonstrate that it is inapplicable to the situation herein presented.

In the McBride case, supra, this court reversed an order of a district court overruling plaintiff's motion for continuance and dismissing his petition. In reaching this decision, we said:

" * * *

"While it is true the motion for continuance alleges that the plaintiff could not proceed to trial without the presence of the plaintiff, yet the only question presented to the court upon the motion for continuance was whether the motion should be sustained or overruled, and when the court overruled the same, the motion was disposed of, and nothing more. If, after overruling the case, the record would disclose the case was called for trial, and the plaintiff refused to offer the testimony, the court then would have the right to dismiss the case, but the record is silent as to any such proceeding, the record does not disclose that the plaintiff refused to offer testimony, nor does the record disclose the case was ever called for trial. The record simply disclosed that the court overruled the motion for continuance and dismissed the petition.

"While it may seem unreasonable that a trial court in passing upon a motion for continuance would overrule the same, and dismiss the plaintiff's cause of action without first calling the case for trial, yet in this the record discloses that condition to exist, and we are unable to sustain the judgment upon the record as it appears here. * * *"

It will be noted that the above case was an original action in the district court, rather than an appeal from a lower court. Also, unlike the present appeal, the record there disclosed that that case was never called for trial before plaintiff's petition was dismissed, without giving his attorneys any opportunity to introduce evidence in support of it. Here, the record affirmatively shows that the trial judge expressed a wish that

defense counsel would present his evidence, but counsel did not accept this invitation. Stevens, Kennerly & Spragins Co. v. Dulaney, 31 Okl. 610, 611, 122 P. 165, involved an appeal to the county court by a plaintiff in a justice of the peace court case from said court's judgment in favor of the defendants. When the appeal was reached by the county court, plaintiff did not appear, but, despite this, a jury was empaneled, evidence was introduced on his behalf, and, at the end of it, the jury was instructed to, and did, return a verdict for the defendants, upon which the court rendered judgment. There, this court said plaintiff's counsel "mistakenly" treated the appeal as an original county court proceeding. The Court also said that dismissal of the appeal would have been the proper procedure for the county court to have followed. The court pointed out that this would have left the justice of the peace court's judgment in force and effect, as the parties herein recognize the subject order does.

 We cannot agree with defendant's contention that: "Delay on the part of the defendant is not a ground for dismissal." In Rochelle v. Sharp, 183 Okl. 334, 82 P.2d 813, 819, we said:

"We have no doubt that our statutes relating to appeals from judgments of justice of the peace courts * * * clearly contemplate that appellant will 'prosecute the appeal to effect and without unnecessary delay,' in accordance with the conditions of the appeal bond * * *."

And, even though Tit. 39 O.S.1961, § 244, with reference to the docketing and filing of appeals from justice of the peace courts, provides that " * * *; the plaintiff in the court below shall be plaintiff in the appellate court", and the "Second" instance in which section 683, supra, authorizes an action to be dismissed, is where " * * * the plaintiff fails to appear on the trial * * *", it will be noted that the cited section applies, by its specific wording, only to dismissals "without prejudice. * * *" The court in Szoth v. Green, 155 Misc. 210,

279 N.Y.S. 816, has, we think, expressed the proper and practical view of the role of defendants' appealing from a justice of the peace judgment, in the following words:

"The burden of moving the action for trial in the appellate court rested with the defendants, appellants. The plaintiff, respondent, had his justice court's judgment and was entitled to rely on it. Unless the appellants prosecuted their appeal * * *, there is no duty on the part of the plaintiff to put himself to the trouble of a new trial and the additional expense incident thereto so that there may be a disposition of the appeal."

While this court has recognized that a party should have a reasonable opportunity to attend his trial (Goff v. Goff, Okl., 396 P.2d 513), defendant does not contend that he made any showing of the necessity of his presence at the trial, as a prerequisite to the court's granting a continuance on account of his absence. Nor does he specifically contend that the court erred in not continuing the case. He merely says that since he appealed the case for a trial de novo it was "incumbent upon the plaintiff to present his evidence and subject his witnesses to cross examination and in every particular prove his cause of action." This was unnecessary under the Stevens and Szoth cases, supra. Presumably, and for all that the record shows, or any one claims, plaintiff had presented his evidence, and his witnesses had been subjected to defendant's cross examination, before he obtained judgment in the justice of the peace court; and, as said in the above quoted Szoth case, plaintiff had no duty "to put himself to the trouble of a new trial" in the common pleas court and cause the incurrence of further expenses and/or court costs there, in order to dispose of defendant's appeal to that court. As far as the record shows, defendant had had his day in court at the justice of the peace level, and the only defense his brief in this court infers that he might have had a second trial in the common pleas

court, pertains to the question of whether plaintiff had complied with the provisions of Tit. 68 O.S.1961, § 1515, with reference to actions for the collection of notes, accounts receivable, etc., that may be subject to the Oklahoma tax on intangible personal property.

Under his "PROPOSITION No. III", defendant points out that the only pleading on file herein, i. e., the Bill of Particulars plaintiff filed in the justice of the peace court, contains no allegation of compliance with this statute; and he says that proof of such compliance "* * * was not brought forth by plaintiff."

According to the Bill of Particulars sworn to before the Justice of the Peace on July 17, 1963, and apparently thereafter filed in the Justice's court to commence the suit, plaintiff therein sought recovery against defendant of $160.03 for parts and labor furnished in repair and maintenance in his place of business * * *". The "service order", attached to this pleading as an exhibit, is dated June 19, 1963. Plaintiff says:

"No taxable period had been established between the time the work was performed, on or about June 19, 1963, and the time the action was commenced on July 17, 1963. It was therefore not necessary to either plead or prove or even mention the matter of Intangible Taxes on the Bill of Particulars, or to offer any proof in the trial where the issue is not raised in the trial."

As far as the record in this appeal shows, plaintiff's statement is correct concerning the period of time the claim he sued on was in existence; and, under the authorities he cites, Stinchcomb v. Harris, 192 Okl. 184, 134 P.2d 990 and the cases cited and followed in Lloyd v. Midwest Publishing Co., Okl., 301 P.2d 663, the fact that his Bill of Particulars contained no allegation of compliance with section 1515, supra, was no obstacle to his recovery of a valid judgment thereon.

As in our opinion, the arguments advanced by defendant show insufficient ground for reversing it, the order appealed from herein is hereby affirmed.

HALLEY, C. J., and DAVISON, WILLIAMS, IRWIN, BERRY, HODGES and LAVENDER, JJ., concur.