Nos. 22,251, 22,257, 22,259, 22,260, consolidated.

ELI P. WILLIAMS, *Appellant*, v. THE J. F. BALL BROTHERS LUMBER COMPANY, LIMITED, and J. F. BALL, *Appellees*.

### SYLLABUS BY THE COURT.

1. JURISDICTION—*Foreign Corporation—Motion to Quash Service—Trial by Jury—Statute Construed*. The provisions of section 279 of the code of civil procedure (Gen. Stat. 1915, § 7179), providing for the trial by a jury of "issues of fact arising in actions for the recovery of money," etc., refer solely to issues of fact involving the merits of the action, and not to issues of fact upon which the jurisdiction of the court depends.

2. SAME. On a motion to quash the service of a summons against a foreign corporation, on the ground that it has made no application to do business in this state, has filed no written consent authorizing service of process upon it through the secretary of state, and is not and has not been doing business in Kansas within the meaning of sections 2139 and 2141 of the General Statutes of 1915, the plaintiff is not entitled to a jury trial on the questions of fact involved in the motion.

Appeal from McPherson district court; FRANK F. PRIGG, judge. Opinion filed July 5, 1919. Affirmed.

Williams v. Lumber Co.

*John M. Grattan,* and *G. F. Grattan,* both of McPherson, for the appellant.

*P. J. Galle,* of McPherson, for the appellees.

The opinion of the court was delivered by

PORTER, J.: The plaintiff, who resides at McPherson, brought these actions in the district court against the J. F. Ball Bros. Lumber Co., Ltd., and J. F. Ball. In each case the court sustained a motion to quash the service of summons, and the plaintiff appeals.

The lumber company is a Louisiana corporation domiciled in Rapides parish, Louisiana. J. F. Ball is the president of the company and resides at the same place. The plaintiff sought to recover damages for the alleged breach of certain contracts for the sale of cut-over lands in Louisiana belonging to the lumber company. Service was attempted to be made under section 2139 of the General Statutes of 1915, which authorizes an action against a corporation organized under the laws of any other state, territory or foreign country, and doing business in this state, to be brought in the county where the cause of action arose or in which the plaintiff may reside. The summons was directed to the secretary of state, who forwarded a copy to the secretary of the defendant corporation.

The motion to quash the service alleged, among other grounds, that the lumber company is a foreign corporation organized under the laws of Louisiana, and has made no application to do business in this state, and has filed no written consent with the secretary of state authorizing service of process upon it as provided in section 2137 of the General Statutes of 1915; and further, that the corporation is not now, and has not been, doing business in Kansas within the meaning of sections 2139 and 2141 of the General Statutes of 1915.

On the hearing of the motion, plaintiff's request for a jury trial was denied, and the controlling question is whether the plaintiff was entitled to a jury trial on the questions of fact involved in the motion to quash. Section 279 of the code of civil procedure (Gen. Stat. 1915, § 7179) reads:

"Issues of fact arising in actions for the recovery of money or of specific real or personal property shall be tried by a jury, unless a jury trial is waived or a reference be ordered as hereinafter provided. All

other issues of fact shall be tried by the court, subject to its power to order any issue or issues to be tried by a jury or referred as provided in this code."

It is plaintiff's contention that the question whether the defendant corporation was engaged in doing business in this state was an issue of fact which arose "in actions for the recovery of money." The contention is not sound. It sometimes happens that incidentally some of the questions of fact which may be involved in the merits of the action are brought out at the hearing of the motion to quash, but the sole purpose of the inquiry is to determine whether the court has jurisdiction. Where the return upon a summons recites that it was served by leaving a copy at defendant's usual place of residence, and there is a motion to quash on the ground that the place was not the defendant's usual place of residence, a question of fact arises, but one which does not involve directly or indirectly the merits of the controversy between the parties, but which is a fact to be determined in the preliminary inquiry as to whether the court has jurisdiction of the defendant. In such a case plaintiff is not entitled to a jury to determine where the defendant's usual place of residence was. Here, before the merits of the case could be in any way involved, the court had to determine whether it had jurisdiction of the defendant, and that depended upon whether the defendant had been doing business in this state. It is conceded to be a foreign corporation. That it has never made application under the statute for permission to engage in business here, and has not filed its consent that service may be obtained upon it through the secretary of state, are facts about which there is no dispute. The only question of fact left to be determined was whether it had or had not been engaged in business here, for if it had not, the service was void and the court had no jurisdiction to hear or determine the merits of the controversy between the parties. Where the plaintiff contends that the particular transaction involved in his controversy with a foreign corporation constitutes doing business in the state, some of the facts upon which he intends to rely to sustain his cause of action may incidentally be inquired into, but not for the purpose of discovering whether in fact he had a cause of action, nor whether it is a meritorious one. The court merely determines whether the

Williams v. Lumber Co.

transaction shows that the foreign corporation is or has been doing business in this state, and that frequently involves mixed questions of law and fact. It would manifestly lead to absurd results if a court must call a jury to determine whether the court has jurisdiction of the parties to a cause.

"Pleas in abatement are those which set up matter tending to defeat or suspend the suit or proceeding in which they are interposed, but which do not debar the plaintiff from recommencing at some other time or in some other way.

"They do not go to the merits of the claim or cause of action, but rather to the procedure." (1 Encyc. Pl. & Pr. 1, 2.)

The present case is readily distinguishable from *Linney v. Thompson*, 44 Kan. 765, 25 Pac. 208. There the action was upon a promissory note of which plaintiff claimed to be the owner and holder. He brought the action in a county in which one of the indorsers resided, obtaining service upon him in that county and upon the other defendants in other counties where they resided. The other defendants claimed that the plaintiff was not the owner of the note, and that the indorsement was merely for the purpose that plaintiff might commence the action in the county where the indorser resided. The issue as to the ownership of the note was raised by a motion to quash the summons. It was held that a decision of that question in favor of the defendants would be a determination against plaintiff upon the merits of the action, and that the question of fact should have been submitted to a jury. In this case the question was whether the defendant corporation was engaged in doing business within this state, which could be determined without trenching in the slightest degree upon the merits of the alleged controversy between plaintiff and the corporation.

The findings of fact show, in substance, that the Walters Real Estate Company of Kansas City, Mo., was the agent of the defendant corporation for the sale of its cut-over lands in Louisiana; that J. W. Breyfogle, who resides in Kansas, had a desk in the office of the real estate company at Kansas City, and acted as a subagent of that company in obtaining contracts for the sale of the lands of the lumber company; that plaintiff dealt personally with Breyfogle at Kansas City, and by correspondence with him in letters addressed to him there; that arrangements were made by which plaintiff went with Breyfogle to Louisiana, where he made a contract with the lumber com-

pany for the purchase from it of certain lands, his own contract being executed there by the corporation and himself; that some of the contracts were executed by the lumber company in Louisiana, and sent to a bank in Kansas for the signature of the other purchasers, who executed them here; and that Breyfogle was not authorized to execute written contracts of sale, the only authority he had being to find purchasers. The court found that the corporation had no office or place of business in Kansas; did not have a distributing point here; did not deliver its wares or products to resident agents for sale, delivery or distribution. As conclusions of law, the court held that, for the reasons stated, the corporation was not engaged in doing business in this state, as defined by the statutes.

The defendant makes the contention that as soon as it was shown without contradiction that no application had been made by it to do business in this state, and that it had not consented to be sued here by service of process on the secretary of state, sufficient grounds were established for sustaining the motion to quash the service. A corporation, however, might be engaged in doing business in this state, without having complied with the provisions of the statute; but the undisputed facts in these cases sustain the finding of the court that this corporation was not engaged in doing business in Kansas.

The provision in section 279 of the code of civil procedure for the trial of "issues of fact arising in actions for the recovery of money," etc., refers solely to issues of fact involving the merits of the action, and not to issues of fact upon which the jurisdiction of the court depends.

The judgments are affirmed.