[Civ. No. 10482. First Appellate District, Division Two.—September 15, 1937.]

BEAR FILM COMPANY, Appellant, v. INDEMNITY IN-SURANCE COMPANY OF NORTH AMERICA, Respondent.

Robert E. Hatch for Appellant.

Charles V. Barfield for Respondent.

STURTEVANT, J.—The plaintiff brought an action to recover on an insurance policy. After the plaintiff had introduced its evidence the trial court granted a motion for a nonsuit. From the judgment entered the plaintiff has appealed.

On the 28th day of May, 1933, the automobile being driven by M. D. Worth and two other automobiles collided on the highway between Watsonville and Santa Cruz in Santa Cruz County. Three different occupants of one of the other automobiles were injured. Three different actions were commenced to recover damages. In each action the plaintiff named as defendants M. D. Worth, this plaintiff, as his principal, and several fictitious names as defendants. The three actions were afterwards set down for trial in the superior court at Santa Cruz and one of said actions was almost completely tried when an agreement to settle was made. On October 16, 1934, the settlement was completed and as we understand the record the three actions were dismissed. At the time of the settlement Mr. Albert A. Hansen, president of the plaintiff corporation, was present, was advised by Mr. Stanford Smith, the attorney appearing for the plaintiff; and, being advised as to the facts, drew his check in the sum of $1500 in payment of the amount allotted against this plaintiff for the damages claimed in the three different actions. Thereafter, on the 4th day of June, 1936, the plaintiff commenced this action against the defendant as its insurance carrier to recover $1500 and interest thereon, being the amount it had paid in the above-mentioned settlement. In the last-named action the insurance company answered and a trial was had before the trial court sitting with a jury. The plaintiff called one witness, Mr. A. A. Hansen. That witness was examined and cross-examined. From the testimony so

given by the witness it appeared without contradiction that at the time of the accident M. D. Worth was an independent contractor. The motion for a nonsuit was based on the ground that the plaintiff had failed to offer any evidence showing or tending to show that this was a loss covered or contemplated by the terms or provisions of the policy of insurance issued by defendant to the plaintiff. In granting the motion the learned judge of the trial court stated: ''In my judgment the plaintiff herein has failed to prove a sufficient case for the jury. Plaintiff's evidence shows that at the time of the accident in question, M. D. Worth, the driver of the automobile, was guilty of negligence and was liable for damages; therefore the only inference to be drawn from the evidence in this case was that Worth was an independent operator and that no legal liability was imposed by law upon the Bear Film Company, the plaintiff in this action, and that the case is not covered by the policy in evidence because Worth, as I have stated, was an independent contractor, as the evidence in this case shows and was not the agent or servant of the plaintiff at the time of the accident. Hence the defendant in this case is not liable under the policy in question.'' That M. D. Worth, at the time of the accident, was an independent contractor, as held by the trial court, was under the facts clearly correct. (*Barton* v. *Studebaker Corp. of America,* 46 Cal. App. 707 [189 Pac. 1025]; *Counihan* v. *Lufstufka Bros. & Co.,* 118 Cal. App. 602 [5 Pac. (2d) 694].) As we understand the plaintiff it does not controvert that legal proposition but earnestly contends the defendant is estopped in this action to make that defense.

An understanding of the estoppel theory requires a consideration of additional facts. When the summonses in the Santa Cruz cases were served on the plaintiff it immediately notified the defendant. The latter directed that the papers be sent to its office. That step was taken and the papers were put in the hands of Mr. Charles V. Barfield, the defendant's attorney. He prepared answers and sent them to Mr. Stanford Smith, an attorney at law practicing at Santa Cruz. Mr. Smith was directed by Mr. Barfield to take charge of the litigation and present the defense of the Bear Film Company. At the same time the defendant caused its investigators to examine into the facts. On July 24, 1933,

it mailed to the plaintiff a letter in which it stated that the policy in suit did not cover said actions because "Mr. Worth's regular duties involved the use of an automobile and this class of employees is excluded from the coverage as provided by our policy." However, in the same letter the defendant stated it would be pleased to negotiate a settlement in behalf of this plaintiff, but in making such offer it did not alter the rights of either party as expressed in the insurance policy. Mr. Smith took charge of the litigation in Santa Cruz and as stated by Mr. Hansen on the last day of the trial the defendants in the Santa Cruz actions obtained information that a settlement could be made. Mr. Hansen and Mr. Smith conferred. Testifying in the instant case Mr. Hansen stated they had tried to present as a defense the claim that M. D. Worth was an independent contractor and that in the conversation just mentioned between him and Mr. Smith the latter stated he was afraid the jury would find against them on that defense and therefore he advised Mr. Hansen to accept the offer of the plaintiffs in those cases and settle them. Thereupon Mr. Hansen drew his check in the sum of $1500 in favor of Wyckoff, Gardiner & Parker, attorneys for the plaintiffs in the Santa Cruz actions. In this connection it should be noted that under date of October 13, 1934, Mr. Barfield wrote the plaintiff, stating that a settlement could be made, that Mr. J. Hampton Hoge, the attorney for some of the other defendants, was favorable to a settlement, and that Mr. Barfield would assist in negotiating a settlement. However, he closed the letter with a statement that the defendant reserved all of its rights under the policy. A copy of that letter was immediately sent to Mr. Harold Levin, this plaintiff's attorney.

In taking charge of the litigation, in employing Mr. Smith, and in all other respects regarding the handling of the cases in Santa Cruz, whether the defendant was liable for damages to the plaintiffs in said actions it was bound to take the steps and do the things it did under the clear terms of its policy. Among other things that document provides: "And the Company also agrees as respects sections A, B, and E when covered to defend, in the name and on behalf of the Assured, all claims or suits for such injuries for which the Assured is, or is alleged to be, liable; to pay all costs and expenses incurred

with the Company's written consent; to pay all court costs taxed against the Assured in any such suit, including the premiums on attachment and/or appeal bonds required in any such proceedings; to pay all interest accruing upon that part of any judgment which is within the limits of the Company's liability in any such suit, up to the date of the payment or tender to the judgment creditor, or his attorney of record, of the amount for which the Company is liable." Giving due consideration to each and all of the foregoing facts, we think it is clear that no estoppel arose against the defendant. (Code Civ. Proc., sec. 1962, subd. 3; 10 Cal. Jur., "Estoppel", sec. 14.)

As noted above, in defendant's letter dated July 24, 1933, it stated in effect that the defendant was not liable for injuries caused by Mr. Worth whose regular duties involved the use of an automobile and that such class of employees was excluded from the coverage as provided in the policy. The defendant makes the same contention at this time. The point arises by reason of certain exclusion clauses. The plaintiff contends the construction of such clauses by the defendant is not warranted by the authorities. In that connection it contends the language of the policy is broad and the exclusion clause did not exclude Worth as an employee and in any event did not exclude him as an agent. We need not pause to solve that problem. The plaintiff concedes that the liability assumed by the defendant was " . . . by reason of the liability imposed by law upon assured arising out of such bodily injuries or death so resulting". It does not claim that any liability would have been imposed on it for the negligence of an independent contractor. The policy contains no express provision covering such persons but, on the other hand, it contains certain negative expressions showing it did not cover the acts of independent contractors.

The judgment appealed from is affirmed.

Spence, Acting P. J., and Gray, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on October 15, 1937, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on November 8, 1937.