## DAY & WHITT FURNITURE CO. v. WELBILT APPLIANCE CORP.

No. 30883. June 15, 1943.

Rehearing Denied Sept. 21, 1943.

*141 P. 2d 267.*

E. A. Adriaenssens, of Tulsa (Woodson E. Norvell, of Tulsa, and George E. Norvell, of Seminole, on the brief), for plaintiff in error.

Fist, Dewberry, Shidler & Braggs, of Tulsa, for defendant in error.

GIBSON, V. C. J. This is an action on account. Defendants below appeal from a judgment rendered against them on a directed verdict.

The account sued on represented merchandise sold to defendants during the period November 19, 1938, to January 14, 1939. In order to bring the account outside the operation of the Intangible Property Tax Law of 1939 (68 O. S. 1941 § 1501 et seq.), which requires the plaintiff in such case to allege and prove that the same had been assessed for taxation and the taxes paid thereon, or suffer dismissal of his action, plaintiff alleged that the account, for specified reasons, had no taxable situs here, and was therefore not subject to taxation (sec. 1515). The issue was joined on that allegation, and that constituted the only question in the case.

At the close of all the evidence defendants moved to dismiss on the ground that the account was shown to be taxable under the statute, supra, and that plaintiff failed to show that the same had been assessed and the tax paid.

Plaintiff moved for directed verdict, whereupon the court overruled defendants' motion to dismiss, and sustained the motion for directed verdict.

Section 1515, supra, provides as follows:

"In every action or suit in any court for the collection of any bond, note, account receivable, or other intangible personal property as defined in section 1 of this act, the plaintiff must allege and prove:

"That such intangible personal property sued upon has been assessed for taxation under the provisions of this act for every tax year during which he was the owner of same, and that all taxes, together with accrued interest and penalties, assessed upon the property for such period, have been paid; provided, that the plaintiff shall not be required to prove assessment and

payment hereunder for a period of more than three (3) fiscal years prior to the time of bringing his action, nor for any period of time in which the subject of his action was not taxable under this act; and provided further, if such intangible property is not subject to such taxes he may so allege, stating the controlling facts upon which is based such allegation.

"If the petition or complaint of the plaintiff fails to make the allegations herein prescribed, or if he fails to prove facts supporting such allegations when made, the action must be dismissed upon demurrer or motion of the defendant, or by the court on its own motion."

The act under consideration became effective April 17, 1939. It was intended as a revenue measure to begin with the fiscal year, or tax year, of July 1, 1940 —June 30, 1941. That intention is disclosed by the portion of section 1502 which reads as follows:

"Intangible personal property, as defined in section 1 of this act, is hereby classified for the purpose of taxation. For the fiscal year beginning June 1, 1940, and for each succeeding fiscal year, there is hereby levied a tax, in lieu of the regular ad valorem taxes on such intangible personal property at the following rates:"

Though the quoted provision mentions the fiscal year as beginning June 1, 1940, it was no doubt intended to read July 1, 1940, for the regular fiscal year begins July 1st, unless the Legislature provides otherwise. Section 1, art. 10, Const.

This action was commenced May 15, 1940. The pleadings and the evidence show conclusively that the account sued on had not at that time become taxable under the act for any tax year during which plaintiff was the owner thereof. Assuming that the account had its taxable situs here, it was incumbent on plaintiff to show only the above fact, for, in actions of this character, section 1515 requires merely that plaintiff allege and prove the assessment of the property "for taxation under the provisions of this act for every tax year during which he was the owner of

same, and that all taxes, together with accrued interest and penalties, assessed upon the property for such period, have been paid."

The term "tax year," as used in the above section, means "fiscal year" as defined in the Constitution, and as used and applied generally in the laws pertaining to the taxation of property. Such year commences on the 1st day of July, of each year, unless otherwise provided by law.

In this case plaintiff had not owned the account during any tax year for which a tax under the act was payable thereon. Though the tax situs and the value of the account upon which rested the assessment for the fiscal year 1940-1941 had become fixed as of January 1, 1940, plaintiff did not own the account during that fiscal year or any other fiscal year when the act was in operation. The court correctly held that the account had not escaped assessment or taxation for any tax year during which plaintiff had owned the same. Since that was the only issue, and was one of law, the court did not err in directing a verdict for plaintiff.

Defendants make the further contention that plaintiff has changed its theory on appeal. In this connection it is asserted that at the trial plaintiff alleged and attempted to prove that the taxable situs of the account was not in Oklahoma, whereas, on appeal it seeks to sustain the judgment on the theory that the account, regardless of its actual situs, had not become subject to tax under the act.

Plaintiff did allege that the taxable situs was elsewhere, but the pleadings and the proof showed conclusively that at the commencement of the action the account had not become taxable for any fiscal year, past or present. In such case, says the statute, "the plaintiff shall not be required to prove assessment and payment hereunder . . . for any period of time in which the subject of the action was not taxable under this act."

In Shidler v. Ross, 189 Okla. 65, 113

P. 2d 603, the present statute was under consideration. It was there said that the act had application only to the year 1940 and subsequent years. That is true; it has application to the tax year beginning July 1, 1940, and subsequent tax years.

The issues relating to the assessment of property and payment of taxes in cases of this kind must be fixed as of the date the action is commenced. Section 1515 would place upon the plaintiff a burden in nature bordering upon the forfeiture of a legal remedy. His claim becomes merged in the action at the time it is commenced, and, so far as section 1515 is concerned, plaintiff's rights are governed by the facts then existing. There is nothing in the statute to indicate that plaintiff must amend his pleadings from time to time to keep pace with changing conditions, or suffer dismissal of his cause. Said section is a tax collecting statute, and such statutes are to be construed most favorably for the taxpayer. Magnolia Petroleum Co. v. Oklahoma Tax Comm., 190 Okla. 172, 121 P. 2d 1008. The provisions thereof will not be enlarged by implication to work a limitation upon the common-law right to pursue a legal remedy, or to infringe upon the constitutional guarantee that the courts of justice shall be open to all (sec. 6, art. 2, Const.).

In cases such as this the plaintiff's right to maintain his action, so far as section 1515 is concerned, must be governed by the circumstances existing at the time he commences his action, unless that right is altered by specific legislative enactment. (See Heffernon v. Higdon, 189 Okla. 434, 117 P. 2d 768.) If plaintiff has failed to comply with section 1515 at the date of commencement of the action, he always has the privilege of complying therewith as of that time, in order to save his action from dismissal.

The judgment is affirmed.

RILEY, OSBORN, BAYLESS, HURST, DAVISON, and ARNOLD, JJ., concur. CORN, C. J., and WELCH, J., dissent.