## CROOKHAM v. GUARDIAN FUNERAL HOME.

No. 31104.   Oct. 12, 1943.

*142 P. 2d 610.*

V. E. Stinchcomb, of Oklahoma City, for plaintiff in error.

Whitten & Whitten, of Oklahoma City, for defendant in error.

PER CURIAM. This action was instituted on June 6, 1938, by the Guardian Funeral Home, a common-law trust, hereinafter referred to as plaintiff, against Minnie Crookham, now Hix, hereinafter referred to as defendant, to recover the sum of $384.95 alleged to be due for services rendered and supplies furnished for the funeral of Harold Bishop at the special instance and request of the defendant.

Plaintiff in its petition alleged, in substance, that it had performed services and furnished supplies for the funeral of Harold Bishop on August 27, 1936, at the special instance and request of the defendant in the value of $384.95; that defendant had refused to pay said sum, and prayed judgment therefor. On October 21, 1937, defendant filed a verified answer which consisted of a general and specific denial. The sole issue drawn by the pleadings was whether defendant had incurred the debt for which plaintiff was seeking recovery. Trial was had to a jury. The evidence adduced at the trial was in conflict and was such as would sustain a verdict for either of the parties. The jury resolved the conflict in the evidence in favor of plaintiff and returned a verdict in its favor for the full amount claimed to be due. Judgment followed the verdict, motion for new trial was overruled, and defendant appeals.

As grounds for reversal of the judgment the defendant urges two propositions, which may be summarized as follows: (1) The action should have been dismissed for failure of plaintiff to plead and prove compliance with the provisions of the Intangible Personal Property Tax Act (68 O. S. 1941 § 1501 et seq.); (2) liability for funeral of a deceased rests primarily upon his estate and next upon persons upon whom the law places the duty of burial and not upon one who requests such services in the absence of an express contract to be liable therefor.

The first contention of the defendant

requires very little consideration. The Intangible Personal Property Tax Act, supra, was not enacted until 1939 and its provisions are not retroactive. As said in Day & Whitt Furniture Co. v. Welbilt Appliance Corp., 193 Okla. 69, 141 P. 2d 267:

"68 O. S. 1941 § 1515, a portion of the Intangible Personal Property Tax Law of 1939, requiring the plaintiff in an action on account to plead and prove assessment of such account for taxation under said law, and the payment of the tax thereon, or suffer dismissal of his action, places upon the plaintiff the duty to allege and prove assessment and payment of such taxes only for those fiscal years during which he was the owner of the account, and does not apply to any fiscal year subsequent to the commencement of the action."

The next contention of the defendant rests upon the proposition that, since the statute (21 O.S. 1941 § 1158) prescribes the persons upon whom the duty of burying the body of a deceased person rests, and 58 O. S. 1941 § 594 provides for the payment by executor or administrator of funeral expenses as soon as he has sufficient funds in his hands, this fixes the liability of persons for funeral expenses of a deceased and negatives liability of the defendant for the funeral expenses for which plaintiff was seeking recovery. Defendant further urges that, since the evidence was in conflict upon the issue of her express contractual obligation to the plaintiff, no presumption should be indulged that she intended to assume liability for the funeral of Harold Bishop, and in support thereof cites Waterman & Sons v. Hook, 246 Mass. 522, 141 N.E. 596; Butterworth v. Bredemeyer, 74 Wash. 524, 133 P. 1061; Sears v. Gidday, 41 Mich. 590, 2 N.W. 917, 32 Am. Rep. 168, and a number of cases from other jurisdictions. An examination of the cited cases will reveal that they are without application to the facts involved in the case at bar. Under the evidence adduced and which is in conflict, the jury could properly infer that defendant had expressly requested the plaintiff to perform the services and furnish the supplies which it did and that plaintiff was justified in charging the same to the defendant and in looking to her for payment thereof. While under the statute and cases cited a mere direction will not create a contract for funeral services where it is apparent that the person giving such direction does not intend to assume liability therefor, they do not apply where a contrary situation appears and where it is evident that the person giving the directions does so upon his own responsibility and with the express intention to become liable therefor. Under the evidence in the case at bar, the jury was justified in concluding that such was the purpose and intention of the defendant.

It is well settled that where an action of legal cognizance is tried to a properly instructed jury, its verdict is conclusive upon all controverted issues of fact, and that this court will not lightly interfere therewith. An examination of the record reveals that the cause appears to have been fairly tried upon instructions free from any fundamental error. Such being the case, we will not disturb the verdict and the judgment based thereon.

Judgment affirmed.

GIBSON, V. C. J., and BAYLESS, HURST, DAVISON, and ARNOLD, JJ., concur. CORN, C. J., concurs in conclusion. RILEY, OSBORN, and WELCH, JJ., absent.