FARR et ux. v. WEAVER.

No. 31015. Nov. 30, 1943.

Dissenting Opinion Dec. 7, 1943.

Rehearing Denied Feb. 1, 1944.

*145 P. 2d 203.*

, Fred W. Martin, of Wagoner, for plaintiffs in error.

Newton & Pinson, of Coweta, for defendant in error.

OSBORN, J. This action was instituted in the district court of Wagoner county by D. W. Weaver, hereinafter referred to as plaintiff, against Clyde Farr and Mrs. Florence Farr, hereinafter referred to as defendants, wherein recovery was sought on a promissory note. Issues being joined and a jury waived, the cause was tried to the court, judgment entered in favor of the plaintiff, and defendants have appealed.

The sole question relied upon for reversal of the judgment is that the plaintiff failed to comply with the provisions of 68 O.S. 1941 §§ 1506 and 1515. Section 1515 requires that in every action or suit for the collection of a bond, note, account receivable, or other intangible property, plaintiff must allege and prove that such property sued upon has been assessed for taxation under the provisions of the act for every tax year during which he was the owner of same, and that all taxes levied under the intangible personal property tax law, together with accrued interest and penalties, have been paid, and for failure to make said allegations and proof the action must be dismissed upon demurrer or motion of the defendant, or by the court on its own motion.

It is the contention of the defendants that the requirements of the intangible tax law are jurisdictional, and that the note in question should have been listed, and the taxes paid in the county of the plaintiff's residence; that the failure to list the note for 1942 taxes was fatal to the jurisdiction of the court to try the cause on February 26, 1942.

The record shows that this suit was filed April 8, 1939, and the issues joined prior to the effective date of the intangible tax law, which was January 1, 1940. The district court of Wagoner county having acquired full jurisdiction of the parties and subject matter in the action, it would not lose jurisdiction by the subsequent enactment of the intangible tax law, but retained jurisdiction for all purposes. The record shows that after the effective date of the intangible tax law, and before trial of the cause, the court permitted the plaintiff to amend his petition by alleging the listing and payment of all intangible taxes and penalties.

Defendants contend that the court was without jurisdiction to try the cause, and that same should have been dismissed at defendants' request for the reason that it was not shown that the note had been listed, assessed, and the intangible tax paid for the year 1942. The record shows that the cause was tried February 26, 1942. Under the provisions of 68 O.S. 1941 § 1507, the plaintiff was allowed until March 1, 1942, to list the property for taxation even though it was to be listed as of January 1st. The section further provides that unless otherwise expressly provided in the act, the listing, assessment, and equalization of intangible personal property, subject to taxation under the act, shall be governed by the laws re-

lating to the listing, assessment, and equalization of personal property subject to general ad valorem taxation.

The law did not require the plaintiff to allege and prove the payment of the tax on the note for any tax year subsequent to the commencement of the action; however, the court allowed plaintiff's petition to be amended before trial, over the objection of the defendants, to show that all taxes had been listed and paid prior to 1942.

In Day & Whitt Furn. Co. v. Welbilt Appliance Corp., decided June 15, 1943, 193 Okla. 69, 141 P. 2d 267, this court held:

"There is nothing in the statute to indicate that plaintiff must amend his pleadings from time to time to keep pace with changing conditions, or suffer dismissal of his cause. Said section is a tax collecting statute, and such statutes are to be construed most favorably for the taxpayer. Magnolia Petroleum Co. v. Oklahoma Tax Comm., 190 Okla. 172, 121 P. 2d 1008. . . .

"In cases such as this the plaintiff's right to maintain his action, so far as section 1515 is concerned, must be governed by the circumstances existing at the time he commences his action, unless that right is altered by specific legislative enactment. See Heffernon v. Higdon, 189 Okla. 434, 117 P. 2d 768."

The plaintiff could have omitted the amendment made to his petition showing the tax paid prior to 1942, and still had a perfect right to proceed with his trial upon the original pleadings filed and issues settled, the action being filed more than eight months prior to the effective date of the intangible personal property tax law. The court did not lose jurisdiction to try the cause and committed no error in allowing the introduction of the note in evidence and in refusing to dismiss the action. We do not mean to intimate herein that the tax was not collectible from plaintiff.

Having so determined, it is unnecessary to consider the other contentions of defendants.

Affirmed.

GIBSON, V.C.J., and HURST, DAVISON, and ARNOLD, JJ., concur. RILEY and WELCH, JJ., dissent. CORN, C.J., and BAYLESS, J., absent.

———

RILEY, J. (dissenting). The inhibition by the statute construed is directed against maintenance of a cause of action based upon a *chose* in action when the tax levied upon the *res* has not been paid.

The amount of the tax so levied is most reasonable in comparison with all other tax levies, and it is for the support of government, a part of which is the court wherein the action was filed as well as this court. It is in lieu in part of excessive cost of court.

Prior to the effective date of the act, a plaintiff upon such a cause of action could, without alleging payment of the tax upon the res, plead a cause of action, but after that date he could not prove such a cause of action without proof of payment of the tax.

In the case at bar the petition was amended to allege payment of the tax upon all prior years. The issue involved is whether as "proof" it was necessary to show payment of the tax. That issue is dependent upon whether at the time of judgment the tax was due and owing, which dependency is to be determined by the time when, by statute, the assessment upon the intangible personal property occurs. If it occurred before judgment, and the tax was due and owing, the fact must be pleaded and proved. This is so because the statute otherwise inhibits maintenance of the cause.

The ability to plead and prove is equivalent to maintenance of a cause of action. The word "maintain" has no other connotation than that expressed by the example in Webster's Dictionary:

"a. To aid, encourage, or give countenance to in evil doing."

Reliance is had by the majority upon Day & Whitt Furn. Co. v. Welbilt Appliance Corp., 193 Okla. 69, 141 P. 2d 267,

decided June 15, 1943, which invokes too much a rule *strictissimi juris*, otherwise applicable to statutes providing collection of a tax or burdens of administration upon courts, not pertaining in nature to the judiciary. Resort may not be made to rules of construction when the subject matter of construction is plain and unambiguous.

No hesitancy should be had in following recent decisions that are right nor to verge ʻfrom the norm that "gives countenance to evil doing."