NORICK v. JEFFREY MFG. CO.

No. 31169. Feb. 21, 1944.

*146 P. 2d 119.*

Brown & McAfee and Chas. D. Scales, all of Oklahoma City, for plaintiff in error.

Chas. L. Yancey and Kavanaugh Bush, both of Tulsa, and R. A. Young, Jr., of Ft. Smith, Ark., for defendant in error.

HURST, J. The plaintiff, the Jeffrey Manufacturing Company, a corporation, sued the defendant, Henry Norick, on a written guarantee under which defendant guaranteed 75% of the purchase price of a conveyer sold to Henryetta Coal Company. The debt so guaranteed was evidenced by six promissory notes. The plaintiff, in its petition, sought to

excuse its failure to list the notes and contract for taxation under the intangible property tax law (68 O. S. 1941 §§ 1501-1520) by this allegation:

"Plaintiff alleges that its principal place of business is in the City of Columbus, Ohio, and that the situs of the notes and contract on which this suit is founded, is in said City of Columbus, Ohio, and without the State of Oklahoma, and that, therefore, plaintiff has not been required to list its said notes or to return the same for payment of tax under the intangible property tax laws of the State of Oklahoma."

The defendant answered by a general denial and by several affirmative defenses. The trial court sustained a motion to strike two of the affirmative defenses, leaving the general denial in the answer, and then sustained plaintiff's motion for judgment on the pleadings. Defendant appeals and argues five propositions as grounds for reversal. However, we find it necessary to notice only the one proposition as to whether, under the issues made by the pleadings, it was proper to render judgment on the pleadings. We think not.

There is doubt as to whether the petition contained a sufficient statement of facts to show that the notes and contract were not subject to taxation in Oklahoma under the intangible property tax law. Defendant urges that it is not sufficient because it is not alleged that the plaintiff is a foreign corporation. But, assuming that the allegation is sufficient, the general denial contained in the answer was sufficient to deny said allegation, and to create an issue of fact on that question.

68 O. S. 1941 § 1515 requires that a plaintiff suing on an intangible "allege and prove" compliance with the intangible property tax law, or "if such intangible property is not subject to such taxes, he may so allege, stating the controlling facts upon which is based such allegation," and it further provides that "if the petition or complaint of the plaintiff fails to make the allegations herein prescribed, or if he fails to prove facts supporting such allegations when made, the action must be dismissed upon demurrer or motion of the defendant, or by the court on its own motion."

The defendant argues that since, under this statute, the plaintiff in such an action must both "allege and prove" compliance with the intangible property tax law or facts excusing such compliance, it is never proper to render judgment on the pleadings in such a case. While there may be merit in this contention, it is only necessary that we here follow the well-settled rule that where the pleadings present an issue of fact, it is error to sustain a motion for judgment on the pleadings. Taylor v. Phillips, 136 Okla. 283, 277 P. 923; Lyons v. Lyons, 182 Okla. 108, 76 P. 2d 887; Gilchrist v. Sutton, 191 Okla. 117, 127 P. 2d 163. It follows that the court was in error in entering judgment for plaintiff on the pleadings.

Reversed for further proceedings not inconsistent with the views herein expressed.

CORN, C.J., GIBSON, V.C.J., and RILEY, BAYLESS, WELCH, and ARNOLD, JJ., concur. OSBORN, J. dissents.