CHEEK v. CICERO SMITH LBR. CO.

No. 32329.   Oct. 1, 1946.

*172 P. 2d 991.*

Herman S. Davis, of Mangum, for plaintiff in error.

W. B. Garrett, of Mangum, for defendant in error.

GIBSON, C. J.   In the trial court, defendant in error, Cicero Smith Lumber Company, was plaintiff, and Roy Cheek, plaintiff in error, was defendant. The parties will be referred to herein as they appeared in the trial court.

Plaintiff's action against defendant is to recover a money judgment on a promissory note executed by defendant and payable to plaintiff.

In addition to the usual allegations stating the cause of action, there is alleged in plaintiff's petition that the note had been assessed for taxation and that the taxes levied thereon had been paid, which allegations are required by 68 O.S. 1941 §1515. For answer, defendant filed general denial except as to the execution of the note and pleaded the statute of limitation, and thereby raised the issue of fact as to whether the note had been assessed for taxation and the taxes paid.

Plaintiff moved for judgment on the pleadings, and upon consideration thereof the following occurred:

"By the Court: The court is of the opinion, and therefore holds, that the answer of defendant raises no issue except as to the payment of the intangible taxes, and that said motion should be sustained on all matters, except as to the intangible taxes. The court is of the opinion that proof should be made as to the payment or the lack thereof, of the intangible taxes.

"Mr. Garrett: Plaintiff offers to prove payment of the taxes.

"Mr. Davis: The defendant, Roy Cheek, objects to the introduction of any evidence in support of the motion for judgment on the pleadings, for the reason that an answer has been filed, which raises the question of fact, and the defendant here and now, in open court, demands a jury trial on said issue.

"By the Court: Let the record show that the court is of the opinion that it is not a jury matter and that it is a question of law, and therefore overrules the demand and request for a jury trial.

"Mr. Davis: To which action of the court, the defendant here and now excepts."

The court then proceeded to hear the issue, whereon plaintiff introduced its testimony and rested. Defendant cross-examined plaintiff's witnesses and

rested without offering any evidence. Thereafter the court, finding the issues for plaintiff, awarded the judgment from which defendant prosecutes this appeal.

Defendant's contentions here are in substance the following: (1) The court erred in rendering judgment on the pleadings by reason of the existence of the issue of fact raised thereon, and (2) the court erred in not affording defendant a trial by jury of such issue.

No issue of fact arose on the plea of the statute of limitation because it appeared as a matter of law on the face of the pleadings that the plea was not well taken, and the action of the court thereon is not assigned as error on this appeal.

In support of the first contention there is cited and relied on, Norick v. Jeffrey Mfg. Co., 193 Okla. 630, 146 P. 2d 119, wherein we held that where pleadings present a fact issue it is error to grant judgment on the pleadings. In that case the issue of fact was similar in character to that under consideration here, but the holding there is not in point or controlling in the instant case. There the judgment on the pleadings was awarded without any disposition of the issue of fact. In the instant case the court, though entertaining the motion to the extent of declaring his conclusion of law on the pleadings apart from the issue of fact, declined to award judgment without disposing of such issue. Hence the judgment awarded was based upon such legal conclusions and the finding on trial of the issue of fact, and therefore cannot be said to be based solely on the pleadings. On authority of the cited case motion for judgment on the pleadings did not properly lie, and it is apparent the issues were to be properly disposed of by trial. They were so disposed of and in accordance with 12 O.S. 1941 §555, wherein it is provided as follows:

"Issues both of law and fact, may arise upon different parts of the pleadings in the same action. In such cases the issues of law must be first tried, unless the court otherwise direct."

On the second contention we are not favored by citation of any authority or discussion of the question involved, and we presume the basis relied on is a literal interpretation of the applicable statute.

The controlling statutes are 12 O.S. 1941 §§556 and 557, as follows:

"Sec. 556. Issues of law must be tried by the court, unless referred. Issues of fact arising in actions for the recovery of money, or of specific real or personal property, shall be tried by a jury, unless a jury trial is waived, or a reference be ordered, as hereinafter provided.

"Sec. 557. All other issues of fact shall be tried by the court, subject to its power to order any issue or issues to be tried by jury, or referred as provided in this code."

By the terms of 68 O.S. 1941 § 1515, the plaintiff, in an action such as this, is required to allege and prove that the note sued on had been assessed for taxes and the same paid. And the statute provides:

"If the petition or complaint of the plaintiff fails to make the allegations herein prescribed, or if he fails to prove facts supporting such allegations when made, the action must be dismissed upon demurrer or motion of the defendant, or by the court on its own motion."

As hereinbefore stated, these allegations were made and were put in issue by defendant's answer. The question here involved is whether the issue of fact arising therefrom is within the purview of said section 556. If it is, trial by jury is a matter of right. Otherwise, it is not.

Sections 556 and 557, supra, were adopted from Kansas (Gen. Stat. Kan. 1889, pars. 4361 and 4362), and the holdings of the Kansas court thereon are quite persuasive.

The Supreme Court of Kansas, in Gordon v. Munn, 83 Kan. 242, 111 P.

177, 21 Ann. Cas. 1299, in construing its statute providing the right to trial of issues of fact by a jury, said:

"This right cannot be determined by the mere form in which the issues may be cast, but it must be determined by the real, meritorious controversy between the parties, as shown by the whole case."

See, also, Williams v. J. F. Ball Bros. Lumber Co., 105 Kan. 284, 182 P. 552. There, a resident of Kansas sued a foreign corporation in the Kansas court for a money judgment and service was attempted by summons directed to the Secretary of State as provided by law where such corporation was doing business in the state. Motion to quash service was made upon the ground the corporation was not doing business in the state. The trial court denied plaintiff's demand for a trial by jury of the issue and such was the sole question on appeal. The appellate court, after an analysis of the principles involved, quoted the following from 1 Encyc. Pl. and Pr. 1, 2, as a correct statement of the law:

"Pleas in abatement are those which set up matter tending to defeat or suspend the suit or proceeding in which they are interposed, but which do not debar the plaintiff from recommencing at some other time or in some other way.

"They do not go to the merits of the claim or cause of action, but rather to the procedure, . . ."

And concerning the applicability of the statute, which is the same as our section 556, held:

"The provision in section 279 of the Code of Civil Procedure (Gen. St. 1915, sec. 7179) for the trial of 'issues of fact arising in actions for the recovery of money,' etc., refers solely to issues of fact involving the merits of the action, and not to issues of fact upon which the jurisdiction of the court depends."

The doctrine is sound and in accord therewith we hold that the issues of fact contemplated by said section 556 have reference solely to issues of fact involving the merits of the action.

In construing 68 O.S. 1941 § 1515, supra, we have repeatedly held that it was a tax collecting statute (Farr v. Weaver, 193 Okla. 486, 145 P. 2d 203; Day & Whitt Furniture Co. v. Welbilt Appliance Corp., 193 Okla. 69, 141 P. 2d 267). It is manifest from the language of the section that the right of defendant involved under the issue is subordinate to and arises only as an incident to the tax collecting phase of the action. And that the issue does not involve the merits of the controversy between plaintiff and defendant and can accomplish no more than an abatement of the existing action is made clear in Waters v. Rushing, 194 Okla. 306, 151 P. 2d 423, where, in an action involving a similar issue of fact, we held:

"The provision of the intangible tax law requiring dismissal of the action where the law is not complied with is for the protection of the public in the collection of revenue and cannot be waived by the parties. It is not intended to prevent the creditor from collecting his debt, but rather to force payment of the tax. We think the law contemplates dismissal without prejudice and that section 683 is not applicable."

Affirmed.

HURST, V.C.J., and RILEY, BAYLESS, WELCH, CORN, and DAVISON, JJ., concur.